## COAD v. NEAL.

1. **Homestead:** CHANGE OF: EVIDENCE CONSIDERED. Evidence held not to establish an intention on the part of the defendant to abandon one homestead and acquire another.

*Appeal from Appanoose Circuit Court.*

THURSDAY, MARCH 24.

ACTION to quiet the title to forty acres of land. There was a decree for the plaintiff. Defendant appeals. The facts appear in the opinion.

*Tannehill & Fee*, for appellant.

*J. C. Coad* and *Vermillion & Vermillion* for appellee.

ROTHROCK, J.—One Geo. W. Nash was the owner of three lots in the town of Moulton. He was the head of a family

and resided upon said lots as his homestead. While thus occupying his said homestead, and on January 5, 1875, one Dayle recovered a judgment against him in the Appanoose Circuit Court. The indebtedness which was the basis of the judgment was contracted while Nash. owned and occupied the said property as his homestead, and the judgment was not, therefore, a lien upon said lots.

In April, 1875, Nash purchased a farm of eighty acres. He paid $2,000 in cash, and to secure the payment of $1,000, being the remainder of the purchase money, he with his wife executed a mortgage upon one forty acre tract of the eighty acre farm, and upon the three lots in Moulton. In a short time after making this purchase he removed from Moulton and took up his residence upon the other forty acre tract, being the one not mortgaged for the purchase-money. He leased his town property temporarily, and remained on the farm about five months, when he returned and again took up his residence upon the town lots.

While residing upon the former he with his wife executed a mortgage to Morrison & Co. upon the forty acres not mortgaged for purchase-money. This mortgage was foreclosed, and the defendant claims to be the owner of the land under the foreclosure, sheriff's sale and deed. Execution was issued upon the Dayle judgment, a levy was made upon said forty acre tract, and sale was had and sheriff's deed made in pursuance thereof, and the plaintiff claims title thereunder. The defendant insists that the judgment under which the plaintiff claims never attached as a lien upon the land in controversy, because it was the homestead of Nash. The plaintiff contends that the judgment became a lien immediately upon the purchase by Nash, and that said lien was superior to the lien of the defendant's mortgage.

If this transaction had been the ordinary one of the sale of a homestead and the purchase of another, or if it had been an exchange of one homestead for another, there would be much force in the claim made by the defendant. But it was

neither the one nor the other.   Nash did not sell the Moulton homestead, nor exchange it for another, and there is no evidence that he intended to dispose of the property in Moulton.   A large amount of evidence was taken as to the intention of Nash in removing to the farm.   We think it appears from a fair preponderance of this evidence that his occupancy thereof was merely temporary, and that he did not intend to abandon his Moulton homestead.   The fact of his return to Moulton in nine months, and of the temporary lease made by him of his property there, strongly corroborate the other evidence as to his intention not to abandon his homestead there, and acquire a new one upon the farm.   In our opinion the Circuit Court correctly found that the lien of the judgment attached when the land was purchased, and that plaintiff was the owner thereof under the said judgment, execution, sale, and deed.

AFFIRMED.