HENRY W. PARDO AND MARY PARDO v. JOHN BITTORF.

*Homestead—Exemption not destroyed by desertion of wife or by renting part of homestead.*

When a man has a homestead, if his wife leaves him without his consent to reside elsewhere, but he refuses to go with her and continues in the homestead, he is not by her leaving deprived of his exemption privilege.

That he rents a part of the homestead, and is sometimes away from it, are circumstances that do not affect his right so long as he retains a possession and claims the homestead privilege.

Appeal from Wayne. · Submitted April 18. Decided April 25.

BILL to clear title. Defendant appeals. Affirmed.

*Fraser & Gates* for complainants.

*Geo. W. Coomer* and *Atkinson & Atkinson* for defendant.

COOLEY, J. The bill in this case is filed to relieve the title to a lot in the city of Wyandotte which complainant Henry W. Pardo claims as his homestead, from a cloud occasioned by its being sold on execution to the defendant.

The sale on execution was made in 1874. There seems to be no dispute that complainants for many years prior to 1874 had occupied the lot and lived in the house thereon ; but it is claimed by defendant that they ceased to occupy it as a homestead a short time before the levy was made under which the sale took place. In respect to this supposed abandonment we find the facts to be as follows : Before the levy was made complainants or one of them had built a house on a lot across the street from the one in dispute, which was intended for occupation as a boarding-house. When it was ready for occupancy Mrs. Pardo, one morning between three or four o'clock when her husband was away from the house on business, awoke the remainder of

the family and with them moved over into the new build--
ing. Mr. Pardo when he came home at eight o'clock and
found what had been done, expressed his anger and refused
to concur, insisted on his wife returning to the old house,
and when she refused, took his own bed back with the·
avowed purpose of keeping his residence in the old home-
stead. In pursuance of this determination he has continued?
to occupy the old house and lot ever since; and though he
has rented a part of the house to others, and has not invari-
ably remained in it, especially at times when not well, he·
has never ceased to retain a possession, and has always·
claimed it as a homestead. His wife has not lived with him,
upon it, but her leaving him was without his consent, and
cannot take from him his legal rights. His homestead. is,
where he lives himself.

The decree must be affirmed with costs.

CAMPBELL and MARSTON, JJ., concurred.