NATHAN EARLL v. FRANCES EARLL AND LYMAN T. KINNEY.

*Homestead—Abandonment—Execution levy—Temporary absence, with intention of return, not an abandonment.*

The temporary absence of the owner from his homestead, leaving it in the occupation of a tenant, will not deprive it of its exempt character, if he intends to return and continue it as such homestead; and it is not essential that his wife live with him thereon, continuously.[1]

[1] Temporary absence from a dwelling-house, built on a parcel of land within the statutory limits as to acreage and value, and occupied as a homestead for a time, will not subject the property to levy and sale on execution, it appearing that the owners, though not actually living on the

Appeal from Kent. (Montgomery J.) Argued January 29, 1886. Decided February 10, 1886.

The facts are stated in the opinion.

*Fred A. Maynard* and *Lincoln B. Livingstone*, for complainant:

The opinion of the circuit judge, as to facts, is taken as correct, unless it clearly appears to be erroneous: *Griffin v. Nichols, S. & Co.*, 51 Mich. 575. It is not material that complainant's wife did not occupy the house. "His homestead is where he lives himself:" *Pardo v. Bittorf*, 48 Mich. 275; *Griffin v. Nichols, S. & Co.*, 51 Mich. 575. If complainant had never occupied the house at the time of the levy, but did occupy it thereafter, he would be entitled to claim it as his homestead. All that is necessary to make it a homestead, is, that it be bought with that intention and that the owner shall use it with that purpose: *Reske v. Reske*, 51 Mich. 541. The length of time the owner is absent, although a circumstance to be considered, yet standing alone, cannot be deemed conclusive: *Bunker v. Paquette*, 37 Mich. 81.

*Taggart, Wolcott & Ganson*, and *C. R. Miller*, for defendants:

[Brief confined to a discussion of the testimony. No authorities cited. Reporter.]

SHERWOOD, J. The bill in this case was filed by the complainant to enjoin a sale, by the sheriff of Kent county, of a house and lot in the village of Sparta, and obtain a release of levy made thereon by the defendant Kinney as such sheriff, under an execution issued out of the circuit court for the county of Lenawee, in chancery, in favor of the defendant, Frances Earll, and against the complainant.

The only question presented by the record, is, whether or not the property levied upon was at the time exempt as the homestead of the complainant.

---

premises for a considerable time, left some household goods in the house during their absence, which was rendered necessary by poverty, but that they always regarded the land as their homestead, and honestly purposed returning and occupying it as such. *Karn v. Nielson*, 59 Mich. 380.

The circuit judge upon the hearing, which was upon pleadings and proofs, found that it was, and granted relief accordingly.

The following facts appear from what we think may be regarded as the undisputed testimony : Prior to the year 1882, Nathan Earll and Frances Earll were living together as husband and wife in Lenawee county, Michigan. In April, 1882, they broke up housekeeping, and Mr. Earll came to Sparta, in Kent county, and Mrs. Earll remained at Adrian, in Lenawee county.

On the fifteenth of March, 1883, Nathan Earll became the owner of the property in question, consisting of one village lot, and house and barn thereon.

The deed to Mr. Earll recites a consideration of $500, and it appears from complainant's testimony, that it has not been worth more than $500 at any time since he purchased it, and that he did not then own, and since then has not owned any other real estate. About the time Mr. Earll purchased this property, Mrs. Earll commenced proceedings to obtain a divorce in the circuit court for the county of Lenawee, and a decree of divorce, providing for the payment to her of the sum of $800 alimony, was entered in that court on the twentieth day of April, 1883.

An execution was issued under this decree and a levy made on the lot in Sparta on July 5, 1883, and in August, 1884, the property was advertised for sale.

It is claimed in behalf of the complainant that this property, as soon as purchased, became, and ever since its purchase has continued to be, the homestead of Nathan Earll, and being within the amount and value of the homestead exemption, is exempt from sale under this execution.

The defendant's contention is that the property was not at the time of the defendant's levy occupied as the complainant's homestead and never had been.

No question seems to have been made but that the quantity and value of the property, came within the constitutional and statutory limits of a homestead, and proofs were taken as to the circumstances of the occupation of the

premises, and as to the circumstances and former relations of Mr. and Mrs. Earll, some of which might with great propriety have been omitted.

We think the finding of the circuit judge, upon the facts, fully sustained by a decided preponderance of the testimony; and when we consider his superior advantages for passing upon the credibility of the testimony, the testimony having been taken in open court, it would almost be presumptuous in this Court to attempt a change or modification of that finding: *Griffin v. Nichols*, 51 Mich. 575.

It is upon the incredibility of the testimony of the complainant that his counsel relies principally for reversal.

It appears from the testimony, that some considerable portions of time the complainant's wife did not live with him, and on one of these occasions, about five months elapsed, when the complainant did not occupy the premises, at all, except in the use of the barn, and the house by a few articles of furniture, but rented it out to a tenant. This, however, would not deprive the property of its character as a homestead if the owner was only absent temporarily for some particular purpose, but intended to continue it as his homestead; and this fact was found by the circuit judge against the defendants.

It was not material whether his wife lived with him or not: *Pardo v. Bittorf*, 48 Mich. 275: *Griffin v. Nichols*, 51 Mich. 576; *Reske v. Reske*, 51 Mich. 541; *Scofield v. Hopkins*, 21 N. W. Rep. 259; *Hanlon v. Pollard*, 22 N. W. Rep. 767; *Edwards v. Fry*, 9 Kan. 425.

We find no error in the record. The decree entered by Judge Montgomery in the case is right and should be affirmed. No costs will be given in this Court.

The other Justices concurred.