## MOLINE PLOW COMPANY
### v.
## GEORGE V. VANDERHOOF AND NANNIE VANDERHOOF.

*Homestead—Abandonment—Evidence.*

Where one, during his tenure of public office, leaves his homestead, together with his family, intending to return thereto, and goes to reside at another place, where he afterward votes, he does not thereby lose his right of homestead.

[Opinion filed June 13, 1890.]

APPEAL from the Circuit Court of Jasper County; the Hon. WM. C. JONES, Judge, presiding.

Messrs. GIBSON & JOHNSON, for appellant.

Messrs. D. B. BROWN and E. CALLAHAN, for appellees.

REEVES, P. J. Appellant recovered two judgments against appellee, George V. Vanderhoof. Executions were issued on these judgments and levied on the southeast quarter of the southeast quarter of section five, town six north, of range nine east. This bill was filed in aid of said execution, the legal title to the land being vested in Nannie Vanderhoof, the wife of the defendant in the executions. The Vanderhoofs answered claiming the land levied on as their homestead. The conceded facts are that George V. Vanderhoof was the owner of a house and lot in Newton, which he and his wife occupied as a homestead until December, 1886, when he was appointed a guard at the penitentiary at Chester. Shortly after he rented out his home in Newton, and his wife went with him to Chester. He claims that his stay in Chester was temporary, dependent upon his retention of the place as guard, which had no fixed tenure, and that it always had been

his intention when this employment by the State ceased, to return to Newton. In April or May, 1887, Mrs. Vanderhoof, with the consent of her husband, exchanged the house and lot in Newton for the forty acres of land above described, and the deed to the land was made to Mrs. Vanderhoof.

It is also conceded that she paid no consideration for the deed, the only consideration being the conveyance of the house and lot in Newton, which was property of the husband. Vanderhoof says that his object in making the exchange of the house and lot for the land, was that when he lost or gave up his position at Chester, he would have a better place to make a living. He says the only reason for making the deed to his wife was that she desired it. Soon after the trade, the Vanderhoofs made some repair on the house, on the land, built some fence, planted fruit trees, etc., with a view of making the place their home. They rented the land to a tenant who agreed to give them possession of the house at any time when they wanted to occupy it. They also claim that they placed some of their personal property and effects on the farm and have always regarded the place as their home to which they expected to return whenever he gave up his employment at Chester. He says that they had made arrangements to move on the farm last September, but receiving notice of this suit they made other arrangements until the matter was settled. It is further conceded that the house and lot in Newton and the forty acres of land were each worth less than one thousand dollars. It was shown that Vanderhoof, at the election in November, 1888, voted at Chester. Under the facts, it must be conceded that had the Vanderhoofs retained their house and lot in Newton and rented it out during their temporary absence, with the intention always present of returning to their home in Newton whenever the employment of the husband by the State ceased, the homestead right would have been preserved under the statute. The land, in which the homestead was at once reinvested, is entitled to the same exemption as the original homestead. The evidence shows that after the exchange it was the continuing intention of the Vanderhoofs at the conclu-

28    APPELLATE COURTS OF ILLINOIS.

sion of their temporary stay in Chester to return to the farm and occupy it as their homestead, and that after the exchange they always regarded the farm as their home. They acquired no other homestead, and made no effort to do so. Under the facts we hold the homestead was not abandoned by appellees and the decree of the Circuit Court dismissing appellant's bill was right and is affirmed.

*Judgment affirmed.*