IN THE

# SUPREME COURT

OF THE

# STATE OF WYOMING.

## OCTOBER TERM, 1891.

### ARP v. JACOBS.

(October 13, 1891.)

EJECTMENT—PLEADING— GIFTS TO WIFE — HOME-
STEAD RIGHT OF HUSBAND.

1. In ejectment, plaintiff alleged that she
was the owner in fee of the premises. Defend-
ant answered, alleging an equitable title in him-
self, arising out of the fact that he had purchased
the property with his own means, but had the
conveyance made to his wife as a matter of con-
venience; that he and his wife were subsequently
divorced; and that the wife had afterwards con-
veyed to plaintiff, who had knowledge of all the
facts. Plaintiff replied that the land had been
purchased with the wife's separate property.
*Held*, that the material issue raised by the plead-
ings was as to who had title to the property; that
it was immaterial how it was acquired; and that
a finding that it was in plaintiff because defend-
ant had directed the conveyance to be made to
his wife as a gift or advancement, and not as a
matter of convenience, was within the issue
raised by the pleadings.

2. An allegation in plaintiff's reply that she
purchased the land from R. does not render er-
roneous a finding in her favor that she purchased
it from A., where the evidence shows that the
two names represent one and the same person.

3. A husband, free from debt, has the right
to purchase land, and have it conveyed to the
wife; and the presumption from such a convey-
ance is that he intended it as a gift or advance-
ment to her as her separate property, and subject
to her sole disposition.

4. Under Rev. St. Wyo. § 2780, which vests
every householder, "being the head of a family,"
with a homestead right, a husband who, with
his family, lives on the wife's land, loses his
homestead right therein by permitting his wife
and family to separate from him, followed by a
divorce in her favor, though he continues to oc-
cupy the land, since he is neither the owner of
the land, nor the head of a family.[1]

Error to district court, Laramie county;
WILLIS VAN DEVANTER, Judge.

Ejectment by Mary M. Jacobs against
Henry A. Arp. Judgment in plaintiff's
favor, and defendant brings error. Af-
firmed.

*Bryan & Thompson*, for plaintiff in er-
ror. *John H. Symons*, for defendant in
error.

GROESBECK, C. J. The defendant in er-
ror, Mary M. Jacobs, brought suit against
Henry A. Arp, the plaintiff in error, in the
district court for Laramie county, to re-
cover the possession of certain parcels of
land situate in the city of Cheyenne, alleg-
ing her ownership in fee of the demanded
premises, and praying damages for the

[1] See note at end of case.

489
490

Arp v. Jacobs.

detention thereof, and for the rents, issues, and profits. The plaintiff in error answered, denying each allegation in the petition except the averment of his possession, and for a further defense alleging that in May, 1881, he purchased and paid for the premises with his own money, and placed all the improvements thereon at his own expense; that, at the time he purchased the property, he had the same conveyed to his wife, Magdalena C. Arp, as he then expected to seek employment and a home in New Mexico, and desired to have his wife sell the property and make the proper conveyance, thus avoiding the delay of sending to New Mexico for the execution of the deed by him; that he altered his purpose, and remained at Cheyenne, and being a householder, and the head of a family, consisting of himself, his wife and two children, he entered upon the said premises as a homestead, and has since continuously lived there and occupied the same as such, for a period of about nine years; that in 1887 his wife deserted and left the said homestead, and has ever since remained therefrom. He charges upon information and belief that his wife made a pretended conveyance of said premises to said Mary M. Jacobs, for the purpose of enabling them to get possession thereof, which conveyance was only colorable, the plaintiff acquiring no title thereby; that he is now, and ever since the purchase of said premises has been, the owner and holder of the equitable title thereto, and now is entitled to the possession thereof, all of which was well known to the plaintiff at the time and long before she made said pretended purchase. He prayed judgment for the right of possession, for costs, and that his title to said premises be forever quieted as against the plaintiff in the suit and persons in privity with her, and for all other proper relief. To this answer the plaintiff in the court below filed a reply denying each allegation set forth therein as a defense to the cause of action alleged in her petition, and further alleging that on the 12th day of March, 1890, she purchased the premises described in her petition from one Magdalena C. Rushworth, who was formerly the wife of said Arp; that said Rushworth and Arp were married October 2, 1877, and shortly thereafter they removed to Cheyenne, Wyo., where, on June 22, 1881, while they were living together as husband and wife, Mrs. Arp purchased from one Richard Blackstone, who was the owner thereof in fee,

the lots described in said petition, paying therefor the sum of $75, from her own personal earnings for several months prior to that time, taking the deed in her own name; that the buildings and other improvements erected on the lots were also paid for out of the earnings of Mrs. Arp; that two children were born as the fruit of said marriage; that said Arp for one year or over neglected and refused to provide the common necessaries of life for the support of his wife and children, and because of this and other cruel and inhuman treatment Mrs. Arp was obliged to leave said premises to make a living for herself and children, whom she took with her; that on the 28th day of January, 1888, Mrs. Arp commenced a suit against her husband for divorce in the district court for Albany county, Wyo., on the grounds above stated; that personal service of the summons in said suit was had upon said Arp; that on the 26th day of May, 1888, a final decree and judgment for divorce were granted to Mrs. Arp, and the custody of the children awarded to her; that said Arp made no claim whatever in said suit to the said premises now claimed by him.

The cause was heard, tried, and determined by the court below, and at the request of the plaintiff in error the court stated separately its findings of fact and its conclusions of law thereon. They are in substance as follows: On June 22, 1881, defendant, Henry A. Arp, and Magdalena C. Arp were husband and wife, and were living together as such at Cheyenne, Wyo., and continued such relation and cohabitation until January, 1887; that on said June 22, 1881, Arp with his own separate means purchased and paid for the real property described in the petition, and at his request the same was conveyed to his wife, and thereafter Arp and his wife occupied said property as their home while living together, and during that time valuable improvements were erected thereon by him, and were paid for by him, without any understanding or agreement that he should be reimbursed therefor; that in January, 1887, Arp and his wife separated, and did not live together thereafter; that in May, 1888, Mrs. Arp obtained a divorce from her husband; that Arp continued to reside upon and occupy said premises from the time of the separation; that at the time of the purchase of the premises, or at any time, there was no understanding or agreement that Mrs. Arp should hold the said realty in trust for her husband, and

the conveyance to her was not made as a matter of convenience for her husband; that on March 12, 1890, Mrs. Arp, for a valuable and adequate consideration, by her separate deed, conveyed the said realty to Mary M. Jacobs, the plaintiff. who knew that Arp was in possession thereof, claiming to be the owner; that on March 13, 1890, the plaintiff, Jacobs, informed Arp of her purchase, and demanded possession of the premises, but Arp refused to vacate the same, and still continues in possession thereof; that the reasonable rental value of the premises is $40 since said March 13, 1890; that said property was always returned for taxation and assessed in the name of Mrs. Arp, and since the separation, in January, 1887, the taxes thereon were paid by her from her own separate means. As its conclusions of law on the foregoing facts, the court finds that Arp, the defendant, caused the realty to be conveyed to his wife as a gift and advancement to her from him, and thereupon the same became the separate property of the wife, and subject to her sole disposition; that the plaintiff, Mary M. Jacobs, had and still has the legal estate in, and was entitled to the immediate possession of, said realty; that defendant, Arp, has kept her out of the same unlawfully, as alleged in the petition. The court assessed the damages of the plaintiff at $40, and gave judgment for the recovery of the premises, for damages and costs, and awarded execution therefor.

We have found it necessary, under the assignment of errors, to thus review at length the pleadings of the parties, and the findings of fact and conclusions of law. It must be done in order to clearly comprehend the matters complained of. The evidence adduced in the trial court was not brought here for review, and we are to determine solely whether or not the conclusions of law were correctly found and determined by the trial court on its findings of fact. We must take as absolutely true the facts as found from the evidence, as a guide in settling the law of the case.

1. It is insisted by plaintiff in error that the conclusion that the property was conveyed to Mrs. Arp, at the instance of her husband, as an advancement to her, is immaterial, as no such issue was made by the pleadings. On the one hand, Arp claims that he paid for the property, and had the conveyance made to his wife as a matter of convenience, and on the other

v.3wyo.—18

it was alleged that Mrs. Arp paid for the property and made all the improvements from her own personal earnings. But these are collateral averments, and no way affect the question of title and possession on the part of Mrs. Jacobs. It becomes useless in this cause to inquire how Mrs. Arp came by her title. If she was the owner, Mrs. Jacobs, who deraigns title from her, is the owner. Whether Mrs. Arp bought the property, or it was given to her, is of no importance. The district court found that she was the owner, and that there was no understanding or agreement between her and her husband at the time of the purchase, or at any time, that he should be reimbursed for his outlays thereon, or that she should hold the title as trustee in trust for her husband. The finding was to the effect that the title was directed to be put in her name as the property was a gift and advancement to her, and not as a matter of convenience. The defense of Arp is an equitable one, and the court had a right, being possessed of the whole matter in dispute, to make such a judgment or decree as was warranted by the evidence, without reference to any partisan allegations in the pleadings.

2. It does not matter that the court below found that the plaintiff in error made all the advances and furnished all the moneys for the purchase and improvement of the property. A husband, free from debt, has an undoubted right to purchase real estate and have it conveyed to. his wife, and when this is done without any fraudulent intent the property conveyed becomes her separate property, —as much so as if purchased by her with money that she had obtained prior to coverture. Wing v. Goodman, 75 Ill. 159. Courts of equity have recognized the duality of husband and wife, even before the rigor of the common law as to the rights of married women was softened by statutes enlarging her rights. Deeds directly from husband to wife are often unlawful, but generally, if creditors are not prejudiced, they are good in equity and may be good at law. Stew. Mar. & Div. § 224, and the cases there cited. A fraudulent conveyance may be held to be valid as between the parties, but void as to others whose rights are affected. If a husband purchase realty, and has the title made to a wife or child, the presumption of law is that the conveyance is intended. as an advancement; but this pre-

sumption may be removed by evidence. Wormley v. Wormley, 98 Ill. 553, citing Perry on Trusts, and a number of decisions. It seems from the findings of the court below that this presumption was not overcome by proof to the contrary, as the conclusion of law on this point is that the realty was conveyed to Mrs. Arp by the grantor, Blackstone, at the request of her husband, as a gift and advancement to her from him, and thereupon it became her sole and separate property, and subject to her sole disposition. This conclusion is not in conflict with the findings of fact, but seems to be in harmony with them. In the divorce suit the court had full power to make such disposition of the property of the husband as to provide support for the wife, (Rev. St. § 1581;) but it is not pretended that there was any adjudication in such action of the rights of either party to the premises in dispute in this action. The counsel for the plaintiff in error contend that he (Arp) has rights under our homestead laws of which he was not and could not be divested after acquisition.

3. In some jurisdictions the right to a homestead allowed by statute is a joint right of husband and wife; in others, the homestead may be selected from the separate property of either spouse by the one having title. In this state this right is vested in every householder, being the head of a family. The homestead may consist of a house and lot or lots in any town or city, or of a farm not exceeding 160 acres, but the value thereof must not exceed $1,500. It is exempt from execution and attachment arising from any debt, contract, or civil obligation entered into or incurred; and it is so exempt while occupied as a homestead by the owner thereof or the person entitled thereto, or his or her family, except from execution for the purchase money. The method of determining the value of the homestead is regulated by statute, and, upon sale, the proceeds, to the extent of the exemption, $1,500, must be paid to the owner, and if the homestead does not sell for more than this sum the proceedings must cease; and they cannot affect or impair, in that event, the rights of the owner. The wife must join in every instrument conveying, disposing of, or incumbering the homestead, and must acknowledge such instrument separate and apart from her husband; and the officer taking the acknowledgment must apprise her of her rights, and of the effect of signing and acknowledging the same. It is further provided by statute that when any person dies seised of a homestead, leaving a widow or husband or minor children, such widow or husband or minor children shall be entitled to the homestead, but in case there is neither widow, husband, nor minor children, the homestead shall be liable for the debts of the deceased. Rev. St. Wyo. §§ 2780–2791, inclusive. It was not necessary that Arp should join in the deed to Mrs. Jacobs, as he was no longer husband of the grantor, his former wife; their marital relations having been severed by the decree of divorce some time before the date of the purchase by Mrs. Jacobs of Mrs. Arp. Indeed, it is doubtful if the signature of the husband would have been necessary to the deed if made during the coverture of the parties. The protection is given to the wife, and not to the husband; and if the homestead be in her name, and the full title thereto vested in her, there is no requirement that he should join in the deed, under our statute. It seems, under section 2782 of the Revised Statutes, supra, that a husband of a deceased wife, who was seised of a homestead in her life-time, would be entitled to the homestead upon her death; but the interest of the husband in the property is only that of a surviving spouse, and Arp certainly could not and cannot have this right *in futuro*, as the divorce dissolving the marriage tie prior to the purchase of the property by Mrs. Jacobs, the defendant in error, terminated all his rights, whether complete or inchoate, in the premises, and as *jure uxoris*. The decree of divorce destroyed all the rights of survivorship. Shoemake v. Chalfant, 47 Cal. 432; Burkett v. Burkett, 78 Cal. 310, 20 Pac. Rep. 715. The findings of the district court do not disclose whether or not the allegation in the reply of defendant in error that Mrs. Arp at the time of the separation took with her the minor children, and supported them from her own earnings, was substantiated by proof; but the findings show that the plaintiff in error, and presumably no one else, occupied the premises as his "home" since the purchase of the same, in 1881. He certainly did not occupy them as the owner or person entitled thereto, and it is tolerably clear, from the findings, that no member of his family resided with him since the separation in 1887. It is true that a husband may preserve his rights to a home-

Arp v. Jacobs.

stead of which he has the title even though he may be abandoned by his wife and minor children. Pardo v. Bittorf, 48 Mich. 275, 12 N. W. Rep. 164; Griffin v. Nichols, 51 Mich. 575, 17 N. W. Rep. 63. But where he permits his family to separate, and the homestead is not in his own name and has lost the homestead character, through what has been adjudged as his fault, the conditions have changed. He had no longer a homestead for his family, ceased to be the head of a family, and at the passing of the decree of divorce he lost completely all rights he had in the premises, even that of a possible survivor of his former wife. Cooper v. Cooper, 24 Ohio St. 488. Having intelligently and designedly put this property in the name of his wife, and under her control, he is now in no condition to assert any rights thereto, or to repent the effect of his generous act, which he has allowed to pass unchallenged for so many years. His tenure to the property was too slight to be recognized by the courts wherein he has been a litigant, and he had no rights therein that a purchaser for value, even with full knowledge of the facts, was bound to notice. His rights to have the property set off to him as his absolute estate having been denied by the trial court, where he was fully heard, upon evidence that we cannot gainsay, we have no right to disturb the judgment in that respect, and we do not believe that he has any homestead rights in the premises which can be recognized either at law or in equity.

4. The record before us shows conclusively that Magdalena C. Arp and Magdalena C. Rushworth are one and the same person, and although the allegation is that the defendant in error purchased of Magdalena C. Rushworth, and the court found that such purchase was made from Magdalena C. Arp, this is immaterial, as there can be no question of the identity of the grantor of the defendant in error.

The conclusions of law of the court below were, in our judgment, properly based upon its findings of fact, and the judgment entered thereon was proper. The judgment therefore must be affirmed.

CONAWAY and MERRELL, JJ., concur.

NOTE.

ABANDONMENT OF HOMESTEAD.

Absence of the head of the family for the greater part of the time will not deprive the family of their homestead rights. Griffin v. Sheley, (Iowa,) 8 N. W. Rep. 343.

An actual removal from a homestead, without any intention to return to it as a home or place of abode, constitutes an abandonment. Williams v. Moody, (Minn.) 28 N. W. Rep. 510.

Change of residence temporarily, without intention of abandoning it, will not defeat a right of homestead. Coad v. Neal, (Iowa,) 8 N. W. Rep. 342.

The sale of a portion of the homestead upon which the house is situated, without an intention to build upon, and continue to occupy, the remainder, amounts to an abandonment of such remainder as a homestead. Windle v. Brandt, (Iowa,) 7 N. W. Rep. 517.

Where a husband left his homestead for another state, and his wife remained in the occupancy of the homestead for a year, when she joined him, leaving some furniture in the house, and subsequently returned, not with the intention of remaining, it was held the abandonment was complete when the intention was formed to permanently remain out of the state. State v. Allen, (Iowa,) 10 N. W. Rep. 805.

Actual residence for several years in another county, and offering homestead for sale, and no definite, fixed purpose to return and occupy it as a home, will be regarded as an abandonment. Cotton v. Hamil, (Iowa,) 12 N. W. Rep. 607.

Where a man having a homestead in the country removes with his family to the county-seat, to engage in the practice of law, intending to reside permanently in town, if he succeeded in his practice, otherwise to return, these facts showed an intention which constituted an abandonment in contemplation of law. Kimball v. Wilson, (Iowa,) 13 N. W. Rep. 748.

Where the owner of a homestead removed therefrom to another county, and took possession of land under the soldier's homestead act; made the declaration and affidavit thereunder; began to cultivate the land; continued to reside and voted there; but left part of his household furniture and a son and daughter living in his former homestead,—held, an abandonment of the first homestead. Donaldson v. Lamprey, (Minn.) 11 N. W. Rep. 119.

Where one residing with his family on a homestead in 1881 made application for land under the United States homestead law, making the usual affidavit; made improvements thereon in the following year; and during the next year removed some of his furniture to it, and temporarily resided there, leaving his family on the former homestead,—held, not to constitute an abandonment of the former homestead. Robertson v. Sullivan, (Minn.) 17 N. W. Rep. 336.

S. cultivated his farm during 1879, and in June, 1880, went to another part of the state to work at his trade. In February, 1881, his wife went to Le Grand with her son, in order that he might attend school there, renting the farm and house thereon, but retaining two rooms in the house, in which they stored the greater part of their furniture. They kept house at Le Grand until July, 1881, when S. went to another place to work, where he worked for nine months,

Arp v. Jacobs.

when he returned to Le Grand, and they went to housekeeping. It was held that these facts did not prove an abandonment of the homestead. Shirland v. Union Nat. Bank, (Iowa,) 21 N. W. Rep. 200.

Where a man occupies property as a homestead, and, during an absence of his wife for five months, keeps articles of furniture in the house, but lets it to a tenant, with an intention of returning, and during the time resides elsewhere, this is a temporary absence, and will not defeat the homestead right. Earll v. Earll, (Mich.) 26 N. W. Rep. 822.

A homestead cannot be abandoned except in the statutory mode; and a removal from the premises, even to another state, becoming a citizen thereof, voting in its elections, and being offered as a candidate for office therein, where there is no intention to relinquish a residence in this state, is not such an abandonment. Porter v. Chapman, (Cal.) 4 Pac. Rep. 237.

Removal of the owner of a homestead to another county, and repeatedly voting at elections held in such county, is sufficient evidence to establish an abandonment of the homestead. Ross v. Hellyer, 26 Fed. Rep. 413.

The homestead interest in land is terminated by the owner's removal from the state. Bank v. Smisson, 73 Ga. 422, followed. Jackson v. Du Bose, (Ga.) 13 S. E. Rep. 916.

Surrender of possession in obedience to a decree is not a waiver of a claim of homestead in the premises. Kuttner v. Haines, (Ill. Sup.) 25 N. E. Rep. 752.

Where property was not occupied as a residence or for business purposes at the time of an execution sale, any homestead rights previously existing thereon were abandoned. Wilson v. Swasey, (Tex. Sup.) 20 S. W. Rep. 48.

A quitclaim deed is a "grant," within the meaning of Civil Code, § 1243, providing that a homestead can be abandoned only by a declaration of abandonment or a "grant" thereof, executed by the husband and wife. Faivre v. Daley, (Cal.) 29 Pac. Rep. 256.

An agreement between husband and wife for the division of a homestead, and deeds executed in pursuance of such agreement, none of which are recorded, do not operate as an abandonment of the homestead under Civil Code, § 1244. In re Lamb's Estate, (Cal.) 30 Pac. Rep. 568.

The proceeds of sale of an Iowa homestead lose their distinctive character when invested in another state, and no exemption attaches to land afterwards purchased in Iowa with the proceeds of sale of the land in such other state. Dalton v. Webb, (Iowa,) 50 N. W. Rep. 58.

Whether premises occupied by a debtor and his family, where he has removed from them, and after the recovery of a judgment against him returned thereto, were his homestead during his absence, is a question of fact to be determined by the jury. Feldes v. Duncan, 30 Ill. App. 469.

It was not error to charge that a homestead will not be held to be abandoned unless "from all the testimony it clearly appears that the same was permanently abandoned," etc. Rollins v. O'Farrell, (Tex. Sup.) 13 S. W. Rep. 1021.

Where the head of a family removes from the homestead with intent to abandon it, but leaves some of his children in possession, with the understanding that they are to follow him at a later date, the abandonment does not become complete until the children have also removed. Welborne v. Downing, (Tex. Sup.) 11 S. W. Rep. 501.

Where it is shown that defendants had long since built on the lot which they now claim as their urban homestead, and had ever since rented the premises to tenants, and only used a strip on the lot about 14 feet wide, for the purpose of hauling wood, etc., to their residence on an adjoining lot, the claim of homestead can only be sustained as to this strip. Blackburn v. Knight, (Tex. Sup.) 16 S. W. Rep. 1075.

A householder rented his homestead for a year, and moved away from it, intending to return at the end of that time. During the year he decided to sell and did so, his vendee taking possession on the expiration of the lease. Held, that the lien of a judgment against the householder did not attach to the property, there having been no abandonment until the vendee took possession. Moore v. Flynn, (Ill. Sup.) 25 N. E. Rep. 844.

A homestead created under St. Cal. 1860, p. 311, §§ 1, 10, providing that the only evidence of abandonment of a homestead selected under the act should be a declaration of abandonment, signed, acknowledged, and recorded, cannot be abandoned by the mere fact of a removal from the homestead premises, with or without the intent of not returning to them. Tipton v. Martin, (Cal.) 12 Pac. Rep. 244.

Where an execution debtor, whose only property is a homestead, leaves the state, but whether with the intention of changing her domicile is not explicitly shown by the evidence, and after her death, while absent, the homestead is levied on, and the execution creditor buys it and brings ejectment against the debtor's grantee, the question as to whether the execution debtor intended to abandon her domicile should be left to the jury. Caldwell v. Pollak, (Ala.) 8 South. Rep. 546.

Defendant left his homestead for several years, doing business in other places part of the time. The homestead property was rented from month to month, and was at one time vacated by the tenant, and defendant then intended to return to it, but was prevented by his business. There was evidence that defendant's residence elsewhere was temporary, and that he intended to return. He acquired no new home elsewhere. Held, that a finding that he had not abandoned his homestead was warranted. Duffey v. Willis, (Mo. Sup.) 12 S. W. Rep. 520.

### INTENTION TO RETURN.

When a homestead is once acquired by actual use, it cannot be lost, while the occupancy or use continues, by an intention not to continue such occupancy or use. Little v. Baker, (Tex. Sup.) 11 S. W. Rep. 549.

A debtor may claim a homestead, although temporarily absent therefrom for purposes of

trade, if there was no intention to change his residence. Robinson v. Swearingin, (Ark.) 17 S. W. Rep. 365.

A homestead exemption cannot be sustained when at the time of the levy the claimant had not resided on the land for several years, and had not manifested in any way a fixed intention to return to and reside on the land. Curran v. Culp, (Ky.) 15 S. W. Rep. 657.

A housekeeper, who with his family occupies a house for several years, does not lose his right of homestead therein by an absence for three seasons for the purpose of raising crops on the land of another, with the intention of returning.. McFarland v. Washington, (Ky.) 14 S. W. Rep. 354.

The absence of a widow from the homestead for about eight months, for the purpose of taking care of her daughter during a sickness, intending to return when it became convenient, is not an abandonment. Jones v. Blumenstein, (Iowa,) 42 N. W. Rep. 321.

Where a widow, after occupying the homestead for a year, moves elsewhere, and rents it for nine years, but with intention of returning as soon as the growth of the city will enable her to carry on her business of dressmaking on the property, her homestead right is not lost by abandonment. Reilly v. Reilly, (Ill. Sup.) 26 N. E. Rep. 604.

One who with his wife leaves his homestead during the time that he holds a public office, intending to return when his employment by the state ceases, does not lose his homestead right, even though he votes at the place where he resides during his tenure of office, and though he also exchanges his original homestead for another tract, which he intends to use as a homestead. Plow Co. v. Vanderhoof, 36 Ill. App. 26.

A farm occupied as a homestead does not lose that character by the purchase of a house and lot in a city, occupied by the wife partly for the purpose of sending her children to school, and partly on account of her health, the husband remaining on the farm, and continuing to cultivate it, neither husband nor wife intending to abandon it a; a homestead. Reinstein v. Daniels, (Tex. Sup.) 13 S. W. Rep. 21.

When a husband and wife leave their homestead, and go to another state, for the declared purpose of a mere visit, rendered necessary because of ill health of the husband, and during their sojourn in such state repeatedly declare their intention to return, even though their absence extends over several years, there is no abandonment of the homestead. Jones v. Robbins, (Tex. Sup.) 12 S. W. Rep. 824.

RIGHTS OF WIFE.

The removal of a wife with her husband from the homestead, after a conveyance by the husband, to which she verbally assented, is not an abandonment of her right. Levison v. Abrahams, 14 Lea, 336, overruled. Collins v. Baytt, (Tenn.) 10 S. W. Rep. 512.

The fact that a widow residing on the homestead of her deceased husband takes her son-in-law and his family to live with her thereon does not constitute an abandonment of her homestead right. Jones v. Blumenstein, (Iowa,) 42 N. W. Rep. 321.

A widow abandoned her rights in the homestead and exempt personalty by accepting a lease thereof from decedent's heirs, and subsequently conveying the same to them, canceling the lease, and accepting other provisions for her support. Ditson v. Ditson, (Iowa,) 52 N. W. Rep. 203.

Where a widow, having a minor child and entitled to hold a homestead as exempt, claims it as her sole property, and conveys it in fee-simple, she abandons the homestead. Sanson's Ex'rs v. Harrell, (Ark.) 18 S. W. Rep. 1047.

A widow's temporary absence from the homestead does not divest her of the right to the same, and subject the property to the payment of the debts of her deceased husband. William Deering & Co. v. Beard, (Kan.) 28 Pac. Rep. 981.

Where a husband and wife remove from his farm to a house on an adjoining lot owned by her, and continue to occupy and operate the farm as before, he does not abandon his homestead, and upon his death his widow is entitled to homestead in his estate. Nichols v. Nichols, 62 N. H. 621.

Where a widow, having a minor child, abandons her homestead by claiming it as her sole property, and conveying it in fee-simple, the land, on the minor's death, descends to his heirs, who are entitled to immediate possession, though the land has been reconveyed to the widow, who occupies under claim of title. Sanson's Ex'rs v. Harrell, (Ark.) 18 S. W. Rep. 1047.

Certain property was occupied for three years by a husband and wife. Two years after moving away she deserted him without cause sufficient to entitle her to a divorce, and he returned to the land. Sometime later she wrote a letter urging him to sell the property, and four years afterwards she conveyed it to a person who three days later reconveyed to her husband. Held, that she had abandoned her right to a homestead therein. Shingle Co. v. McKenna, (Mich.) 48 N. W. Rep. 959.

EVIDENCE.

Testimony of a witness that "from conversations had by me with defendant upon the subject, I have been led to believe that it was not his intention to remain permanently in Texas after his return from Montana," was properly excluded. Welborne v. Downing, (Tex.) 11 S. W. Rep. 501.

In trespass to try title to land formerly occupied by defendants as their homestead, testimony that it had been defendants' intention to return and again occupy the homestead is merely the expresssion of witnesses' opinions, and, although the facts on which such opinions are based are fully stated, their admission in evidence is prejudicial error. Graves v. Campbell, (Tex. Sup. ) 12 S. W. Rep. 238.

On an issue as to abandonment of homestead, statements of defendants as to what third persons had said in regard to plaintiff's not intending to return when she went away, and as to what one of the defendants believed in regard to

it when he purchased the land at sheriff's sale after the alleged abandonment, are inadmissible. Jones v. Blumenstein, (Iowa,) 42 N. W. Rep. 321.

Code Ala. § 2539, provides that when a declaration of claim to a homestead exemption has been filed in the office of the judge of probate, leaving the homestead temporarily shall not constitute an abandonment thereof. Held, that such claim will not be allowed when no declaration thereof has been filed, and the land has been abandoned for several years, and another place occupied as the home. Sides v. Schaiff, (Ala.) 9 South. Rep. 228.

## BURDEN OF PROOF.

An instruction that it devolved on defendant to show that the property in controversy was his homestead before it was levied on and sold to plaintiffs, and that it then devolved on plaintiffs to show its abandonment, was correct. Welborne v. Downing, (Tex. Sup.) 11 S. W. Rep. 501.

## ADVERSE POSSESSION.

A homestead is extinguished by peaceable adverse possession for more than five years. McCormack v. Silsby, (Cal.) 22 Pac. Rep. 874.