**UNITED STATES of America,**
**Plaintiff,**

v.

**Mrs. Harold L. FIELD, formerly known as Vivian E. Thom, Defendant.**

**Civ. No. 4389.**

United States District Court
D. Wyoming.

Dec. 21, 1960.

John F. Raper, Jr., U. S. Atty., and Alfred G. Kaufman, Jr., Asst. U. S. Atty., Cheyenne, Wyo., for plaintiff.

Ernest J. Goppert, J. D. Fitzstephens and Ernest J. Goppert, Jr., Cody, Wyo., for defendant.

KERR, District Judge.

The issue before this Court is whether or not the proceeds from the voluntary sale of a homestead are, under Wyoming law, exempt from attachment.

Default judgment against the defendant was entered by this Court on October 18, 1960, for the sum of $3,053.12, plus interest. Said sum represents monies due and owing the United States of America on three promissory notes executed by defendant and her former husband from whom she has been divorced. In May 1960 an Order of Attachment was issued and Garnishee Notice was served on the First State Bank of Cody, Wyoming. Both the Garnishee and the defendant allege that the funds attached are not subject to attachment for the reason that they represent the net proceeds realized from defendant's sale of her homestead in March or April of 1960. Defendant thereupon filed her Motion to Discharge Attachment. There is no dispute over the fact that the property sold was the homestead of the defendant, nor are there any facts in the record to show defendant's intended use of such proceeds. In matters of this nature the presumptions are in favor of the homesteader.

Plaintiff contends that the Wyoming statute protects only the proceeds from a sale on execution or by "other legal process", and that there is no law in Wyoming which gives the owner of the homestead the right to claim the exemption to proceeds from a voluntary sale. The cases cited by plaintiff hold generally that in the absence of statutory authority the proceeds from a voluntary sale of the homestead are not exempt from seizure by creditors. As frequently stated by the courts, however, a uniform rule of law with respect to this question is elusive due to the variety of statutory

provisions construed by the courts. Judicial construction of homestead statutes in other jurisdictions constitutes no precedent for the proper construction of the Wyoming statutes which differ in major respects from those of other states.

It is well established that the purpose of the homestead laws is to encourage and safeguard the home-owner and head of the family. Though the rights of the creditors are not to be overlooked, neither are they superior to the moitivating force behind homestead legislation, namely, the conferring of special rights on the owners and occupants of homesteads. This Court will be guided by the pertinent laws of Wyoming, the legislative history of which will clarify their construction.

The homestead laws of Wyoming were first enacted by the territorial legislature in 1869. Section 5 of Chapter 21, General Laws of Wyoming Territory 1869 authorized the voluntary mortgaging of homesteads; Section 6 provided for the creditor's sale of homesteads by execution; and Section 7 exempted the proceeds from the sale of the homestead "on execution or otherwise" up to $1,500. Section 5 was amended by Session Laws of Wyoming Territory 1886, Chapter 83, Section 2, to permit the owner or occupant of a homestead to voluntarily sell, mortgage, or otherwise dispose of or incumber such homestead. These provisions have been amended and re-enacted several times since statehood. During these seven decades, however, the only change which the legislature has made has been to increase the exempt amount from $1,500 to $4,000.

The statutory provisions with which I am now concerned are as follows:

Wyoming Statutes 1957, Section 34–53:

Code of Civil Procedure, Laws 1886, Ch. 60, Sec. 436:

"Every owner or occupant of a homestead * * * may voluntarily sell, mortgage, or otherwise dispose of or incumber the same; * * * ".

(To this section is added the proviso relating to the release or waiver of the homestead right by the wife.)

Wyoming Statutes 1957, Sec. 1–502:

Code of Civil Procedure, Laws 1886, Ch. 60, Sec. 437:

"When any creditor shall be of the opinion that any homestead provided for in this article is of greater value than four thousand dollars ($4,000.00) on filing an affidavit of that fact with the clerk of the district court, such creditor may proceed against said homestead as in ordinary cases, and if the said homestead shall sell for more than four thousand dollars ($4,000.00) and costs, the excess shall be applied to the payment of the demand of such creditor, but in all such cases, the sum of four thousand dollars ($4,-000.00), free of charge or expense, shall be paid to the owner of the homestead; and in case the said homestead shall not sell for more than four thousand dollars ($4,000.-00) and costs, the person instituting the proceedings shall pay all the costs of such proceedings and the said proceedings cease, and not affect or impair the rights of the owner of the homestead."

Wyoming Statutes 1957, Sec. 1–503:

Code of Civil Procedure, Laws 1886, Ch. 60, Sec. 438:

"In case of the sale of said homestead *on execution or otherwise*, the proceeds of such sale, not to exceed four thousand dollars ($4,000.00), shall be exempt from attachment or levy on execution, and any subsequent homestead acquired by the proceeds thereof, shall also be exempt from execution or attachment, nor shall any judgment or other claim against the owner of such homestead be a lien against the same, in the hands of a bona fide purchaser for a valuable consideration." (Emphasis supplied.)

Despite the fact that the provision for voluntary sale has now been compiled in another title of the statutes, it is incumbent upon the Court to acknowledge the pattern of legislation as originally enacted. Therein lies the import and meaning of the words "on execution or otherwise", which appear in the third of these three related sections. The first section relates to voluntary sales; the second section authorizes execution sales; and the third section exempts from attachment or levy the proceeds not only from sales on execution, but also, by necessary implication, the proceeds from voluntary sales.

The Wyoming Supreme Court has taken occasion to comment on the exemption provisions of the homestead laws. Dictum appears in the case of France v. Connor, 1891, 3 Wyo. 445, 27 P. 569, 573, from which may be inferred the right of exemption of proceeds from sales made other than by execution. At page 458 of 3 Wyo., at page 573 of 27 P., the Court said: "In Wyoming the homestead can only be sold or incumbered with the consent of the wife, she being required to join in the mortgage or deed; and the right of homestead is to the extent of $1,500, *the proceeds upon the sale thereof being exempt from execution or attachment, as well as the homestead itself.*" (Emphasis supplied.). Clearly that Court alluded to Sections 436 and 438 of Chapter 60, Laws of 1886. See also Arp v. Jacobs, 1891, 3 Wyo. 489, 495, 27 P. 800, 802.

The case of Towne et al. v. Rumsey, 1894, 5 Wyo. 11, 15, 35 P. 1025, 1026, involved a voluntary sale by the owner of the homestead, and a subsequent unsuccessful attempt by a judgment creditor to sell the same premises upon an execution issued on a judgment against the original owner of the homestead. The Court cited and paraphrased Sections 2784 and 2786, Revised Statutes of Wyoming 1887, which contain the same language as Sections 34–53 and 1–503, Wyoming Statutes 1957. Holding that "no judgment or other claim against the owner of the homestead is a lien against

the same in the hands of a bona fide purchaser for a valuable consideration", the Supreme Court added the following statement which manifests its understanding that the law protects the proceeds from a voluntary sale: "*The proceeds arising from the sale of a homestead not exceeding $1,500 are exempt, and any subsequent homestead acquired by such proceeds is also exempt * * *.*" (Emphasis supplied.)

In his oral argument, counsel for the United States urged the Court to apply the doctrine of ejusdem generis to the words "sale of said homestead on execution or otherwise". Counsel argues that the phrase embraces not a voluntary sale, but that it embraces only some type of involuntary sale. No authorities have been cited to support this contention.

Counsel for the defendant counters the plaintiff's argument with the rule propounded by the Wyoming Supreme Court in the case of State v. Scott, 1926, 35 Wyo. 108, 141, 247 P. 699, 709, when it said: "We are not convinced that the words 'or otherwise,' * * * must necessarily be construed strictly by the rule of ejusdem generis." The Court added: "But the general words in question, 'or otherwise,' are not preceded by an 'enumeration' of particular terms or words. They are connected with a phrase mentioning one way only of inducing executive action, so that it might be said * * * that the term is placed 'in juxtaposition to the words of the preceding phrase'."

In the Scott case the Wyoming Supreme Court construed the statute which empowered the governor to direct the commencement of an action "Whenever it shall appear to the Governor on verified complaint in writing of qualified electors of the county, *or otherwise* * * *" Comp.St.1920, § 1399, that certain officers are guilty of acts constituting misconduct or malfeasance in office. Holding that the statute did not confine the governor to action upon receipt of a verified complaint, the Court ruled that the statute was fulfilled if

the governor had received substantial information in an ordinarily reliable manner.

I am in accord with the Court's conclusion, and I deem it applicable to the case before me. The phrase, "or otherwise", in Section 1–503, Wyoming Statutes 1957, as in the statute in the Scott case, was intended to and does mean something in addition to and different from the words immediately preceding it. When one analyzes the statutory provisions as a unit, wherein voluntary sales and execution sales are authorized, there is no other possible meaning to the words "or otherwise" than to include voluntary sales within the exemption therein allowed.

I am not unmindful of the application of the ejusdem generis rule in the case of Hodgson v. Mountain & Gulf Oil Company, D.C.Wyo.1924, 297 F. 269. The finding in that case is absolutely sound but its context is different from the case before me now. Contrary to the present situation, the statute construed in the Hodgson case did contain an enumeration which constituted a classification within the confines of which the words "or otherwise" have to conform. To have held differently would have disregarded the legislative intent as well as the administrative decision of the Department of Interior. There are no such extenuating circumstances in the instant case.

The words, "or otherwise", were construed and the ejusdem generis rule of construction repudiated in the case of Gooch v. United States, 1936, 297 U.S. 124, 56 S.Ct. 395, 80 L.Ed. 522. There, the Court of Appeals for the Tenth Circuit certified the following question to the United States Supreme Court: "Is holding an officer to avoid arrest within the meaning of the phrase, 'held for ransom or reward or otherwise,'" contained in the Kidnapping Act (18 U.S.C.A. § 1201)? Answering the question affirmatively the Court held that the phrase is not bound by the ejusdem generis rule and is not limited to mean "some pecuniary consideration or payment of something of value".

I believe that there are ample reasons to conclude that the legislature enacted Section 1–503, Wyoming Statutes 1957, to encompass the types of sales in the two preceding sections, namely, voluntary and execution sales.

Counsel for the plaintiff do not dispute the facts in defendant's affidavit, and accept such facts as the evidence in the case. It is not disputed, therefore, that the sum of $3,594.78 in defendant's checking account is the balance of the net proceeds derived from the sale of the defendant's homestead. This obviates the necessity to dwell on the question of commingling of funds and dissipating the identity of the homestead proceeds.

Likewise, having found that the proceeds from the sale of the homestead, which constitute the defendant's checking account, are not subject to attachment or levy, it is unnecessary to discuss the legal entanglements of the rights of a joint tenant in the checking account when such joint tenant is not a party to this proceeding.

Defendant's motion to discharge the garnishment is hereby granted.