◼ FLORENCE MAZZARELLI, Respondent, v NICHOLAS MAZZARELLI, Appellant.—In an action in which the defendant husband was granted a

divorce by a judgment of the Supreme Court, Queens County, dated September 8, 1976, after a nonjury trial, he appeals from stated portions of the said judgment which disposed of the parties' property and failed to grant him an accounting. Judgment modified, on the facts and in the interest of justice, by (1) deleting the fourth decretal paragraph thereof and substituting therefor a provision awarding to defendant title to the Lake Hopatcong, New Jersey, house, and placing liability for any mortgage thereon solely upon him, (2) deleting the fifth decretal paragraph thereof and substituting therefor a provision awarding title to all of the stocks and bonds, together with all of the interest and dividends accruing thereto, to defendant, (3) deleting the seventh decretal paragraph thereof and substituting therefor a provision awarding plaintiff all of the balance in the account at the Lincoln Savings Bank, and placing responsibility to satisfy a certain loan taken from said bank solely upon her and (4) adding to the ninth decretal paragraph thereof a provision that plaintiff shall also have title to the automobile described therein. As so modified, judgment affirmed insofar as appealed from, without costs or disbursements. The parties took title to a home in Lake Hopatcong, New Jersey, and to certain stocks and bonds, in their joint names. The funds for those purchases came from moneys which initially belonged to defendant only. On the record presented, we feel that defendant has rebutted the presumption that he intended one half of those assets to be a gift to plaintiff. As to the automobile purchased by defendant, we find that he intended it to be a gift to plaintiff and title to it should accordingly be placed in her name. Regarding the Lincoln Savings Bank account and a loan from said bank, it is to be noted that plaintiff deposited, in her name in the said bank, the moneys which defendant provided for the purchase of the automobile and took out a passbook loan to pay for the automobile. Since the defendant apparently intended the automobile to be a gift to the plaintiff, the Lincoln Savings Bank account, which contains the funds provided by defendant for the automobile, should belong to the plaintiff only. However, plaintiff should be solely responsible for the satisfaction of the passbook loan. Cohalan, Acting P. J., Margett, Suozzi and Mollen, JJ., concur.