**Daniel Waldo TYLER, Appellant (Defendant),**

v.

**Lois Elizabeth TYLER, Appellee (Plaintiff).**

**No. 5405.**

Supreme Court of Wyoming.

March 4, 1981.

Timothy J. Bommer, Jackson, for appellant.

Terry W. Mackey, Cheyenne and David C. Perry, Jackson, for appellee.

Before ROSE, C. J., and McCLINTOCK, RAPER, THOMAS and ROONEY, JJ.

ROONEY, Justice.

Appellant-defendant (hereinafter referred to as husband) appeals from that portion of a divorce decree which awarded appellee-plaintiff (hereinafter referred to as wife) one-half interest in real property in Teton County (hereinafter referred to as the property).[1]

We affirm.

Husband and wife were married on December 18, 1975. They had entered into an antenuptial agreement which provided for separate ownership, enjoyment and disposal of their separate properties, whether acquired before or during their marriage.

In the spring of 1976, they decided to move from Oklahoma City, Oklahoma to Teton County. Wife went to Teton County to find a suitable home. She located the property, and the necessary funds to purchase it ($225,000.00) were sent by husband to a Jackson bank.[2] The deed to the property placed the title in husband and wife as joint tenants with right of survivorship.

About two months later and after husband received the deed and found that it placed co-ownership in him and wife, he contacted his attorney for advice on action necessary to change the title to his name only. The attorney testified that he told husband that he should consult with wife to be sure she was not claiming ownership. He testified that husband reported that in his resulting conversation with his wife, she disclaimed any ownership and that the title was placed in joint ownership by inadvertence. Husband further reported that they (husband and wife) had decided that it might be advantageous from a tax standpoint to leave the property in both names, and that wife could be embarrassed by having the change made. The attorney testified that he advised husband to at least get a quitclaim deed from wife to be held unrecorded. After the institution of divorce proceedings, wife was requested to execute a quitclaim deed, and she refused to do so. The divorce proceedings were instituted in February 1980. Husband testified that he did not request the execution of a quitclaim deed at an earlier time pursuant to the advice of his attorney because "in the interim, most of the time things were going along good. And I didn't want to upset her or humiliate her, embarrass her, by asking her to sign a quitclaim deed." Wife testified that she always claimed the property to be hers, that husband promised her that he would buy her any house she wanted, and that she felt he did so in this instance.

Appellant acknowledges the general rule that when title to real property is taken in the name of both spouses and the consideration therefor is furnished by only one of them, there is a rebuttable presumption that a gift of one-half interest therein

---

1. As a result of the decree, the property is subject to a partition action.

2. About $47,000.00 of the funds were borrowed from wife by husband. This was money received by wife from sale of her residence in Oklahoma City. Husband repaid the $47,000.00 to wife prior to the divorce.

is intended for the other spouse, citing *Nussbacher v. Manderfeld*, 64 Wyo. 55, 186 P.2d 548 (1947); *Arp v. Jacobs*, 3 Wyo. 489, 27 P. 800 (1891); *Johnson v. Johnson*, Tex. Civ.App., 584 S.W.2d 307 (1979); *Mazzarelli v. Mazzarelli*, 55 A.D.2d 946, 391 N.Y.S.2d 443 (1977), affirmed 44 N.Y.2d 801, 406 N.Y. S.2d 285, 377 N.E.2d 738 (1978); Annotation: Rights and incidents where title to real property purchased with wife's funds is taken in spouses' joint names, 43 A.L.R.2d 917.

But husband contends that the presumption was rebutted by the evidence produced at trial. To reflect the lack of intention to make a gift, he points to the antenuptial agreement which was found by the district court to be valid and binding, to the inadvertent manner in which wife's name was placed on the deed, and to husband's immediate contact with his attorney for advice concerning the manner in which wife's name could be removed from the title.

However, we must apply the usual and well recognized standard for review of sufficiency of the evidence on appeal in making the determination of whether or not the finding of the existence of a gift was proper in this case.

"* * * We must assume that the evidence in favor of the successful party is true, leave out of consideration entirely the evidence of the unsuccessful party that conflicts with it and give the evidence of the successful party every favorable inference which may reasonably and fairly be drawn from it. [Citations.] In this case, there were special findings of fact which must be construed liberally and favorably to the judgment. We presume that they are right and where the findings of the trial court are not inconsistent with the evidence, clearly erroneous, or contrary to the great weight of the evidence, they will not be disturbed on appeal. [Citations.] Moreover, the trial judge was present and observed at first hand the demeanor and expressions of the witnesses. We must not forget that when we examine the cold words of the transcript of testimony, we do not have the benefit of how the trial judge sees and hears the witness—the pitch of the voice, facial changes, the movement in the witness—all of which may tell a separate story, to be given credence. The conclusion of what preponderates is with the trier of fact. [Citation.] Credibility of witnesses is for the trial court. [Citations.] Appellate courts cannot try a case *de novo*. [Citation.]" *Madrid v. Norton*, Wyo., 596 P.2d 1108, 1117 (1979).

■ Under this standard, we find sufficient evidence to support the district court's finding that a gift of one-half of the property was intended and made by husband to wife. It is immaterial which evidence should be selected to support this finding. The wife's testimony that husband promised to buy her any house she wanted and that she felt he did so in this instance, coupled with the presumption of a gift when the real property is placed in the name of both spouses even though the consideration is paid by only one of them, are sufficient. The failure of the husband for a four-year period to follow the advice of his attorney and secure a quitclaim deed from wife—whether it was to be recorded or not—because he "didn't want to upset her or humiliate her, embarrass her," and in consideration of tax advantages, is sufficient to support a finding that a gift was made during the four-year interim. In either event, there was sufficient evidence, under the standard by which we must review it, to support the finding of the district court that wife had a one-half interest in the property.

■ Husband argues further, however, that even if wife owned the property jointly with him, the district court abused its discretion in awarding one-half of the property to wife inasmuch as it was paid for entirely by husband, and that the spirit of the antenuptial agreement would be accomplished only by awarding all ownership of the property to husband. He points to

§ 20–2–114, W.S.1977 [3] in support of his argument, stressing the direction therein that regard should be given to "the party through whom the property was acquired."

However, the element having to do with the party through which the property was acquired is only one of several elements set forth in the statute for consideration by the trial court. The other elements there set forth are to receive like consideration, e. g., condition in which the parties will be left by the divorce and merits of the parties.

In the final analysis, the district court disposed of the interests of husband and wife in accordance with the antenuptial agreement (treating each party as owning one-half interest in the property). Husband retained his separate properties, and wife retained hers.

> "A court does not abuse its discretion unless it acts in a manner which exceeds the bounds of reason under the circumstances. In determining whether there has been an abuse of discretion, the ultimate issue is whether or not the court could reasonably conclude as it did. An abuse of discretion has been said to mean an error of law committed by the court under the circumstances. * * *" *Martinez v. State*, Wyo., 611 P.2d 831, 838 (1980).

The district court did not here abuse its discretion.

Affirmed.

---

**3.** Section 20–2–114, W.S.1977, provides:

"In granting a divorce, the court shall make such disposition of the property of the parties as appears just and equitable, having regard for the respective merits of the parties and the condition in which they will be left by the divorce, the party through whom the property was acquired, and the burdens imposed upon the property for the benefit of either party and children. The court may decree to the wife reasonable alimony out of the estate of the other having regard for his ability and may order so much of his real estate or the rents and profits thereof as is necessary be assigned and set out to either party for life, or may decree a specific sum be paid by him."