WILLIAM LUNSFORD *et al. v.* J. W. JARRETT, Adm'r.

1. ADMINISTRATOR. *Statute of Limitation.* Where creditors file a bill to settle an insolvent estate to which the administrator is made a party, he answers but does not mention any debt or claim due him for said estate until after a decree for an account, and while giving his deposition, when for the first time he sets up a debt in his favor, more than two years and a half having elapsed from the grant of administration; *Held,* that his demand is barred by the statute.

2. HOMESTEAD. *Remainder interest subject to be sold to pay debts.* The decision in *Harvey* v. *Duncan,* manuscript opinion in 1876, that the remainder interest in the homestead can be sold to pay debts, is reaffirmed.

FROM LAUDERDALE.

Appeal from the Chancery Court at Ripley. H. J. LIVINGSTON, Ch.

STEELE & STEELE for complainants.

LYNN & OLDHAM for defendants.

FREEMAN, J., delivered the opinion of the court.

This is a contest over claims under an insolvent estate. Jarrett was appointed administrator of Thompson July 8, 1874, and some time after the estate was suggested as insolvent in the county court, and a bill filed by the creditors in regular form, the administrator regularly a party to the same. He answered the bill fully, but did not set up or any way mention any

claim or debt as due him until after decree for an account, and in the taking said account, more than two years and a half from the grant of administration, in his own deposition, he for the first time made claim for the debts sought to be established.

We hold that on these facts he has not presented or in any way fixed his claim on the estate so as to preclude the operation of the statute. The Chancellor disallowed them for this reason, and we affirm his decree.

The only other question is, whether the remainder interest in the homestead can be sold to pay debts. We have heretofore held it could be, and the case has been several times followed. *Harvey* v. *Duncan,* manuscript, 1876. After consideration of the question, we see no reason to change the rule thus adopted. It would be practically to defeat all claims of creditors to such remainder to hold the contrary.

The Chancellor so held, and we affirm his decree with costs.