## J. E. COBBEY v. ELMER BUCHANAN.

FILED MAY 6, 1896.    No. 6603.

1. **Review: ISSUES IN APPELLATE COURT.** It is the settled law of this state that a cause is to be tried in the appellate court upon the same issues that were presented in the court from which the appeal was taken, with the exception of new matter arising after the first trial. *Darner v. Daggett*, 35 Neb., 695, followed.

2. **Infants: ESTOPPEL.** Generally, the doctrine of estoppel *in pais* is not applicable to infants.

3. ——: ——: **PLEADING.** For a representation made by an infant as to his being of age to estop him from asserting infancy as a defense the representation must have been fraudulently made by the infant and believed in, relied on, and acted upon by the other party, and the facts claimed to constitute such an estoppel must be pleaded.

4. ——: **NECESSARIES.** Necessaries for which an infant is liable are such things as are necessary to his support, use, and comfort comporting with his condition and circumstances in life. *Price v. Sanders*, 60 Ind., 310, followed.

5. ——: ——. The meaning of the term "necessaries" cannot be defined by a general rule applicable to all cases; the question is a mixed one of law and fact to be determined in each case from the particular facts and circumstances of such case. *Englebert v. Troxell*, 40 Neb., 195, followed.

6. ——: ——: **ATTORNEY'S FEES.** At the request of an infant an attorney examined the public records and advised the infant as to his rights to certain property inherited from his deceased father. *Held*, That the services rendered by the attorney were not necessaries.

7. ——: ——: ——. An infant was by a judgment of court duly committed to the reform school. Before his term expired he was released on parole during good behavior. He violated his parole and was taken into custody by the sheriff for the purpose of being returned to the reform school. He then employed an attorney, who sued out a writ of *habeas corpus* and tested the sheriff's authority to return him to the reform school. *Held*, In a suit by the attorney against the infant for services rendered him in the *habeas corpus* case, that the court did not err in submitting to the jury the question as to whether the services rendered by the attorney were necessaries.

ERROR from the district court of Gage county. Tried below before BABCOCK, J.

The facts are stated by the commissioner.

*Rickards & Prout* and *J. E. Cobbey*, for plaintiff in error:

A defendant must plead his infancy. (*Schermerhorn v. Jenkins*, 7 Johns. [N. Y.], 373; *Roe v. Angevine*, 7 Hun [N. Y.], 679; *Bryant v. Pottinger*, 6 Bush [Ky.], 473; *Clemson v. Bush*, 3 Binn. [Pa.], 413; *Campbell v. Wilson*, 23 Tex., 252; *Sliver v. Shelback*, 1 Dall. [U. S.], 165.)

The burden of proof is upon the person under disability to make out the defense. (*Roberts v. Bethell*, 12 C. B. [Eng.], 778; *State v. Arnold*, 13 Ired. Law [N. Car.], 184.)

References relating to question as to "necessaries:" *Price v. Sanders*, 60 Ind., 310; *Breed v. Judd*, 1 Gray [Mass.], 458; *Thrall v. Wright*, 38 Vt., 494; *Munson v. Washband*, 31 Conn., 303; *Warden v. Heiden*, 28 Wis., 517; *Morris v. Palmer*, 39 N. H., 123; *Shepherd v. Mackoul*, 3 Camp. [Eng.], 326; *Clarke v. Leslie*, 5 Esp. [Eng.], 28; *McCrillis v. Bartlett*, 8 N. H., 569; *Askey v. Williams*, 11 S. W. Rep. [Tex.], 1101; *Barker v. Hibbard*, 54 N. H., 539; *Epperson v. Nugent*, 57 Miss., 45; *Decell v. Lewenthal*, 57 Miss., 331; *Stanton v. Willson*, 3 Day [Conn.], 37; *Peters v. Fleming*, 6 M. & W. [Eng.], 42; *Ryder v. Wombwell*, L. R., 4 Exch. [Eng.], 32.

*L. M. Pemberton, contra:*

Professional services of an attorney are not necessaries for which the infant is liable. (*Tupper v. Cadwell*, 12 Met. [Mass.], 559; *Mathes v. Dobschuetz*, 72 Ill., 438; *West v. Gregg*, 1 Grant [Pa.], 53; *Wallis v. Bardwell*, 126 Mass., 366; *Freeman v. Bridger*, 4 Jones Law [N. Car.], 1; *Phelps v. Worcester*, 11 N. H., 51; *New Hampshire Mutual Fire Ins. Co. v. Noyes*, 32 N. H., 345; *Buchanan v. Mallalieu*, 25 Neb., 201.)

RAGAN, C.

Before the county judge of Gage county, sitting as a justice of the peace, J. E. Cobbey sued Elmer Buchanan to recover for certain professional legal services which he alleged he had rendered Buchanan at his request, of the reasonable value of $50. An appeal was taken to the district court from the judgment of the county judge, where the case was again tried, resulting in a judgment of dismissal of Cobbey's action, to reverse which he prosecutes to this court a petition in error.

1. The answer filed by Buchanan in the district court, so far as material here, interposed two defenses: (1) A general denial, and (2) a plea of infancy. Cobbey filed a motion in the district court to strike from the answer of Buchanan the defense of infancy, and the overruling of this motion is the first assignment of error argued here. It is insisted that the defense of infancy was not interposed before the county judge and could not, therefore, be interposed in the district court. It is the settled law of this state that a cause is to be tried in the appellate court upon the same issues that were presented in the court from which the appeal was taken, with the exception of new matter arising after the first trial. (*Darner v. Daggett*, 35 Neb., 695, and cases there cited.) But in the case at bar Buchanan filed no answer or "bill of particulars," as it is called in section 951 of the Code of Civil Procedure, before the county judge; and, so far as the record shows, Cobbey did not require that he should file one. Buchanan, then, before the county judge, was at liberty to interpose any defense he saw fit, and for anything we know, did interpose before the county judge the defense of infancy. There was nothing in the record transmitted from the county judge to the district court to advise the latter as to what issues were tried before the county judge, and therefore the district court did not err in overruling the motion of Cobbey to strike out the defense of infancy set up by Buchanan in his answer filed in the district court.

2. The second assignment of error argued is that the district court erred in refusing to give to the jury the following instruction: "The jury are instructed that if you believe from the evidence that the defendant employed the plaintiff to perform the services for which this action is brought, and at the same time represented to the plaintiff that he had arrived at the age of twenty-one years, then you are instructed that you may consider such statements, and such declaration may be considered by you in determining his age at the time such employment was made." The court did not err in refusing to give this instruction. (1.) The instruction was asked upon the ground that if Buchanan had represented himself to be of age, such representation on his part estopped him from asserting the defense of infancy. This is not the law. As a general rule, the doctrine of estoppel *in pais* is not applicable to infants. (*Wieland v. Kobick,* 110 Ill., 16; *Schnell v. City of Chicago,* 38 Ill., 383.) In *Sims v. Everhardt,* 102 U. S., 300, the supreme court said: "The question is whether acts and declarations of an infant during infancy can estop him from asserting the invalidity of his deed after he has attained his majority. In regard to this there can be no doubt founded either upon reason or authority. Without spending time to look at the reason, the authorities are all one way. An estoppel *in pais* is not applicable to infants, and a fraudulent representation of capacity cannot be an equivalent for actual capacity. * * * An assertion of an estoppel against him is but a claim that he has assented or contracted. But he can no more do that effectively than he can make the contract alleged to be confirmed." In *Brown v. McCune,* 5 Sandf. [N. Y.], 224, it was said: "We are not aware that any case has gone the length of holding a party estopped by anything he has said or done while he is under age; and we think it would be repugnant to the principle upon which the law protects infants from civil liabilities in general. * * * We are clear that the doctrine of estoppel is inapplicable to infants."

We are aware that there are cases holding a party
estopped from asserting the defense of infancy when he
had procured some advantage, benefit, or property by
fraudulently representing himself to be of age, and
where the other party had believed in, relied on, and
acted upon such false representations.  Such are, among
others, *Campbell v. Ridgley*, 13 Vict., L. R. [Aus.], 701;
*Overton v. Banister*, 3 Hare [Eng.], 503; *Hayes v. Parker*,
41 N. J. Eq., 630; *Schmitheimer v. Eiseman*, 7 Bush [Ky.],
298.   But in all those cases the representation made by
the infant as to his age was fraudulently made, believed
in, relied on, and acted upon by the other party.  And
in order for the representation made by an infant as to
his being of age to estop him from asserting infancy as
a defense, the representation must have been fraudu-
lently made by the infant, believed in, relied on, and
acted upon by the other party.  (*Baker v. Stone*, 136
Mass., 405.)  And furthermore, such an estoppel must be
pleaded.  In the case at bar the reply of Cobbey to
Buchanan's answer was a general denial, and there is no
evidence whatever in the record that when Buchanan
represented to Cobbey that he was of age, that Cobbey
believed such representation, or relied on or acted upon
it; in fact all the evidence shows that Cobbey was fully
aware of the fact that Buchanan was a minor.   (2.) If
the object of the instruction was to have the jury take
into consideration Buchanan's representation that he
was a minor, and consider that statement for the pur-
pose of determining whether or not he was a minor at
the time of his alleged employment of Cobbey, then the
instruction was inapplicable, as there was no attempt
made by any one on the trial to show that Buchanan was
in fact of age at the time of his alleged employment of
Cobbey, or that Cobbey did not know he was a minor.

   3. The plaintiff in error requested the district court to
instruct the jury as follows: "The jury are instructed
that even if they find from the evidence that Elmer
Buchanan, at the time of his contracting the debt sued

on, was under guardianship, still this is no defense to this action." The court added the following: "Provided, if you further find such services necessaries," and as thus changed gave the instruction. The third assignment of error argued relates to the modification made to the instruction by the district court. It appears that Buchanan's father had died intestate, leaving a large amount of property. Cobbey alleged that Buchanan had requested him to examine the records and advise him as to what property he was heir to, and his rights with reference to the property inherited from his deceased father, and that he did so. The performance of these services for Buchanan is a part of Cobbey's claim in this suit. The court would have erred had he given the instruction without the modification complained of. For if Buchanan was a minor under guardianship, he was not liable to Cobbey for anything done or furnished by him except such things were necessaries; and necessaries for which an infant is liable are such things as are necessary to his support, use, and comfort, comporting with his condition and circumstances in life. (*Price v. Sanders*, 60 Ind., 310.) The court should have told the jury that if Cobbey investigated the title and interest which Buchanan had in the property of his deceased father, such services were not necessaries. It also appears that Buchanan had, by a court of competent jurisdiction, been duly committed to the reform school, there to remain until he attained his majority (see *Buchanan v. Mallalieu*, 25 Neb., 201); that before his term expired he was released on parole during his good behavior; that he violated his parole, and the authorities of the reform school ordered him returned thereto, and while in the custody of the sheriff for that purpose Cobbey sued out on behalf of Buchanan a writ of *habeas corpus*, and the remainder of the claim of Cobbey against Buchanan in this suit is for services rendered him in this *habeas corpus* proceeding. By the modification complained of the district court submitted to the jury the question whether or-

not the services rendered by Cobbey to Buchanan in the *habeas corpus* proceeding were necessaries. The argument here is that whether these services were necessaries was a question of law and not of fact. In *Englebert v. Troxell*, 40 Neb., 195, this court said: "The meaning of the term 'necessaries' cannot be defined by a general rule applicable to all cases; the question is a mixed one of law and fact, to be determined in each case from the particular facts and circumstances in such case." We cannot say that the court erred in submitting to the jury the question as to whether the services rendered by Cobbey in the *habeas corpus* proceeding were necessaries. The judgment of the district court is right and is

AFFIRMED.