KNUTE C. ENGEN, APPELLEE, V. UNION STATE BANK OF HARVARD ET AL., APPELLEES: FIRST TRUST COMPANY OF LINCOLN, APPELLANT.

FILED MAY 22, 1931. No. 26236.

*Hall, Cline & Williams,* for appellant.

*Hainer, Craft, Edgerton & Fraizer, H. G. Wellensiek, J. H. Grosvenor, Butler & James* and *Brown, Baxter, Van Dusen & Ryan, contra.*

Heard before GOSS, C. J., ROSE, DEAN, GOOD, EBERLY, DAY and PAINE, JJ.

Rose, J.

This action was begun by Knute C. Engen to cancel two deeds, each for 80 acres of land in Hamilton county. Both deeds were executed by plaintiff's father, Christian Knudson, sometimes called "Christian Engen." In one of the deeds Anna S. Brown, a niece of grantor, and her husband were named as grantees, and in the other deed Bertha M. Megrue, another niece of grantor, and her husband were named as grantees. Fraud in procuring the deeds was the ground of equitable relief sought by plaintiff. Grantees in each deed transferred their title to the Union State Bank of Harvard and the latter deeded both tracts to its president, Theodore Griess, who afterward procured from the First Trust Company of Lincoln two loans, securing one loan by a mortgage for $4,500 on the 80-acre tract deeded by Knudson to the Browns and the other loan by a mortgage for $5,000 on the 80-acre tract deeded by Knudson to the Megrues. Knudson died intestate, leaving surviving him his wife, Mari Tollefsen Todok, and his son, Knute C. Engen, plaintiff. The defendants named in the petition were Union State Bank of Harvard, Leroy A. Megrue and Bertha M. Megrue, his wife, Robert E. Brown and Anna S. Brown, his wife, and H. G. Thomas, administrator of the estate of Christian Knudson, deceased, Theodore Griess, First Trust Company of Lincoln and Mari Tollefsen Todok.

The fraud charged by plaintiff and the alleged invalidity of the deeds were put in issue by formal pleadings of grantees and mortgagee. Mari Tollefsen Todok, widow of Knudson, presented an answer, likewise attacking the deeds and mortgages as fraudulent and void. She also filed a cross-petition alleging that the land described in the deeds was the homestead of herself and her husband at the time of the latter's death and praying for a decree establishing her homestead rights and her title to an undivided one-half interest in the real estate.

The validity of the deeds and the mortgages and the

existence of the widow's homestead were well defined is-
sues on which the parties to the litigation went to trial
in the district court.

Knudson and wife were natives of Norway. Neither
of them ever became a naturalized citizen of the United
States. The wife was never in this country. After their
marriage they lived in Norway for a time. Knudson left
his native land in 1868 and never returned. He settled
on the land in controversy in 1878, where he continuously
resided until his death, August 6, 1923. Plaintiff, the son,
left his home and mother in Norway in 1893, when he
was 23 years of age, and joined his father in Nebraska.
A year later he permanently left his father's residence.
After 1887 the father and mother of Knudson resided with
him in his home on the land described in the petition, the
date of his father's death being January 31, 1900, and
that of the mother April 8, 1906. Knudson lost his sight.
His nieces and their husbands cared for him and in con-
sideration for their services and care he executed the deeds
in controversy, July 17, 1923.

Upon a trial of the cause the district court found that
the charges of fraud in the procuring of the deeds exe-
cuted by Knudson were unfounded but entered a decree
canceling them on the ground that they purported to con-
vey the homestead of Knudson and wife by means of an
instrument in which the wife did not join, thus violating
the statute containing the following provision:

"The homestead of a married person cannot be conveyed
or incumbered unless the instrument by which it is con-
veyed or incumbered is executed and acknowledged by both
husband and wife." Comp. St. 1929, sec. 40-104.

From the decree of the district court, the First Trust
Company of Lincoln and Van E. Peterson, receiver of the
Union State Bank of Harvard, appealed to the state su-
preme court. The latter, upon a trial *de novo*, found that
Knudson had never been naturalized as a citizen of the
United States; that he acquired the land as a resident

alien; that he was a subject of Norway at the time he executed the deeds; that he had a legal right to make the conveyances under the existing treaty between the United States and Norway, notwithstanding the statutes of Nebraska and the failure of his wife to join him as a grantor. The judgment below was accordingly reversed, with instructions to the district court to enter a decree dismissing the petition of plaintiff and the cross-petition of Mari Tollefsen Todok and adjudging the deeds and mortgages valid and enforceable. *Engen v. Union State Bank,* 118 Neb. 105.

Upon application of Mari Tollefsen Todok and plaintiff, the supreme court of the United States issued a writ of certiorari to the supreme court of Nebraska to certify and transmit for the purposes of review the proceedings and judgment in *Engen v. Union State Bank,* 118 Neb. 105. See *Todok v. Union State Bank,* 280 U. S. 546. That part of the treaty involved contains the following provision:

"The subjects of the contracting parties in the respective states may freely dispose of their goods and effects, either by testament, donation or otherwise, in favor of such persons as they think proper." 8 U. S. St. at Large, p. 64, art. VI.

The original instrument was written in French. The term "goods and effects" is a translation of the words *"fonds et biens."* In the French text, which controls the interpretation, the word *"biens"* includes real estate. Both courts so held, but the supreme court of the United States ruled that the treaty, thus construed, did not override the law of Nebraska as to the disposition of homestead property, acquired by Knudson subject to the restrictions of the homestead law of the state, reversed the judgment of the state supreme court and remanded the cause for further proceedings not inconsistent with the opinion containing those rulings. *Todok v. Union State Bank,* 281 U. S. 449.

In view of the opinion of the supreme court of the United States, is the state supreme court still at liberty,

in the further proceedings ordered, to determine the question as to the right and authority of Knudson, under the law of Nebraska, to dispose of the lands in controversy independently of his alien, nonresident wife? This question was ably argued by counsel on both sides after the cause reappeared in the supreme court of the state. Though the district court held that the deeds executed by Knudson were void under the homestead law of Nebraska, the supreme court of the state did not directly pass on that question, but based its decision on the sole ground that the treaty, notwithstanding any Nebraska statute, gave Knudson, an alien, the right to dispose of his land in favor of such persons as he thought proper. If his individual right to do so was not inhibited by the homestead law of the state, that question is still open for determination, unless it was foreclosed by the opinion of the supreme court of the United States.

The appeal from the district court presented a federal question and also a different question depending entirely on state law. The determining factors involved in the two questions were not mingled in the sense that the adjudication of the federal question necessarily determined the question arising under the state law. The writ of certiorari called for the record for the purpose of determining the federal question only. Jurisdiction for that purpose was limited to the interpretation of the treaty and to the resulting judgment. These fundamental principles have often been stated by the highest court in the land. It is sufficient to cite *Sauer v. City of New York,* 206 U. S. 536, 546, and *Hartford Life Ins. Co. v. Blincoe,* 255 U. S. 129. The limitations of federal jurisdiction were obviously in mind when the chief justice of the supreme court of the United States made the following observations in his opinion (281 U. S. 449):

"We are not called upon to decide as to the validity under the homestead law of Nebraska of a deed of the homestead by the husband when the wife is an alien who

has never come to this country and made the homestead her home. * * * The only question before us is as to the construction of the treaty."

Respecting to the fullest extent the opinion and judgment of the supreme court of the United States, it seems clear that the homestead question was left open for further proceedings under state law.

Are the Knudson deeds void because they were not executed by both husband and wife? The answer depends on the meaning and purpose of homestead rights and on the statutes relating to or affecting the legislation on this subject. The act providing that "The homestead of a married person cannot be conveyed or incumbered unless the instrument by which it is conveyed or incumbered is executed and acknowledged by both husband and wife" must be construed with other provisions of the homestead law and with the statutes imposing restrictions on the right of nonresident aliens to acquire and hold title to or interests in real estate in Nebraska. Comp. St. 1929, secs. 40-104, 40-101, 76-502. A rural homestead, "exempt from judgment liens, and from execution or forced sale," is "A homestead not exceeding in value two thousand dollars, consisting of the dwelling-house in which the claimant resides, and its appurtenances, and the land on which the same is situated, not exceeding one hundred and sixty acres of land." Comp. St. 1929, sec. 40-101. By another act the legislature placed restrictions on the right of nonresident aliens to acquire and hold title to or interests in land. Comp. St. 1929, sec. 76-502. Before the estate of dower was abolished by statute, it was the policy of the law in Nebraska to confine such estate to lands of which the husband died seised. A wife had no dower interest in Nebraska land conveyed by her husband alone, while she was a nonresident. *Atkins v. Atkins*, 18 Neb. 474; *Miner v. Morgan*, 83 Neb. 400. Prior to the amendment of the state Constitution in 1920, it contained the provision that "No distinction shall ever be made by law between resi-

dent aliens and citizens in reference to the possession, enjoyment or descent of property." Const. art. I, sec. 25. This provision did not thus protect nonresident aliens. The two classes of aliens are not on the same footing in respect to homestead rights. Legislative restrictions on the right of nonresident aliens to acquire interests in Nebraska lands point to the public policy of the state and to the intent of the lawmakers in regard to this subject. Related provisions of homestead and other laws should be construed together with a view to harmonizing and giving effect to all within the rule of reason. When Knudson acquired title to the land conveyed by him he was a resident alien. He was permitted to do so under the constitutional provision quoted. He held the land in his own name until he executed the deeds therefor. A homestead within the meaning of the statute is the place where the home is and where the members of the family reside. It consists of "the dwelling-house in which the claimant resides, and its appurtenances, and the land on which the same is situated," says the statute. Comp. St. 1929, sec. 40-101. The meaning of the word "homestead" is indicated by the following excerpts from former adjudications:

"Our statute uses the term 'homestead' in its commonly accepted meaning—the house and land where the family dwells." *Meisner v. Hill*, 92 Neb. 435.

"As our statute uses the term 'homestead,' it means the house and parcel of land where the family reside and which is to them a home." *Anderson v. Schertz*, 94 Neb. 390. The homestead law was enacted for the benefit of resident citizens and resident aliens and, in furtherance of the public welfare, nonresident aliens not being within its terms. Invited by the Constitution of the state, Knudson settled on the Hamilton county farm and acquired for himself in his own name the title thereto. In doing so he suffered the privations and hardships of a pioneer in a strange land. His wife did not aid or comfort him in the work of this enterprise. She did not renounce her alle-

giance to Norway. For fifty years she was separated from her husband in her home beyond the sea. She never saw the real estate she now claims as her homestead. When her husband was old and blind she was not present to minister to him as a wife. After his death she challenged his right to dispose of his land, even to purchase care for himself during the unending night of darkness into which he had entered. Under the circumstances her residence did not follow that of her husband. She never made her home in his dwelling-house or on his land. The place was never her homestead, nor the homestead of her husband and herself, within the meaning of the homestead law, and she was not, therefore, a necessary party to the deeds. The statutory provision requiring the conveyance of a homestead to be executed by both husband and wife applies to a homestead in which both have a homestead interest, and was not intended by the legislature to apply to an instance like the present, where the wife was always a nonresident alien without any intention of ever making the homestead her dwelling-place or home and who was never in this country. When executing the deeds, Knudson was the only person having any legal interest in or title to the land thus conveyed. He never thereafter claimed it as his homestead. His deeds were valid and conveyed the entire estate. This conclusion is not without precedent. *Cunningham v. Marshall*, 94 Neb. 302; *Tromsdahl v. Nass*, 27 N. Dak. 441.

For the reasons stated, the judgment of the district court is reversed, the petition of plaintiff and the cross-petition of Mari Tollefsen Todok dismissed at their costs in both courts, and the cause is remanded for a decree adjudging all deeds and mortgages, to which reference herein has been made, valid and enforceable.

REVERSED.