FRANK W. BERGGREN, APPELLANT, V. CLARENCE G. BLISS, RECEIVER, APPELLEE.

FILED MARCH 18, 1932. No. 28206.

*John Tongue,* for appellant.

*F. C. Radke, Barlow Nye, M. Craft Radke, L. T. Fleetwood* and *Stanton & Stanton, contra.*

Heard before GOSS, C. J., ROSE, DEAN, GOOD, EBERLY, DAY and PAINE, JJ.

DEAN, J.

Frank W. Berggren, plaintiff, filed his petition in the district court for Polk county to obtain a $2,000 homestead exemption in a certain tract of land formerly owned by him, but which was sold to satisfy a certain judgment rendered against him and in favor of the receiver of the Farmers State Bank of Stromsburg, December 18, 1929. From a judgment denying his application for such homestead exemption, the plaintiff has appealed.

The record discloses that the plaintiff and his family resided for about 20 years on the southeast quarter of section 26, township 13, range 2, in Polk county. It appears that all of his children are now of age. On October 14, 1929, the plaintiff transferred the record title to the above described land to his wife and, at the same time, he executed two mortgages in favor of his sons. In an action thereon by the receiver, the transfer of the title to the plaintiff's wife was upheld, but the mortgages to the sons were decreed by the court to be of no force and no effect.

From the plaintiff's evidence it appears that, on October 15, 1929, he selected the northwest quarter of section 36, township 13, range 2, in Polk county, which he then owned and which is the land now here in controversy, as his homestead. Some time in April of the following year he moved thereon, but his wife remained on the old farm and refused to go with her husband to the quarter section last above described. From the evidence of the plaintiff it appears that he moved some of his machinery, together with certain miscellaneous articles, to the above described land, where he occupied one or two upstairs rooms in a house also occupied by his son. But the plaintiff appears to have spent much of his time on the quarter section of land occupied by his wife and, in several instances, he was served with summons at his old home. He admits that he told no one of his selection of the new

"homestead." When the land was sold and, later, when the sale thereof was confirmed, the plaintiff had an opportunity to declare his selection of a homestead and to claim exemptions thereto, but he failed to do so.

In *Meisner v. Hill*, 92 Neb. 435, it is said: "Our statute uses the term 'homestead' in its commonly accepted meaning—the house and land where the family dwells." And at an earlier date, this court held that a homestead is a parcel of land on which a family resides, and that such homestead is constituted by the act of selection and the fact of residence thereon. *Galligher v. Smiley*, 28 Neb. 189; *Palmer v. Sawyer*, 74 Neb. 108. And where the title to the family residence is in the wife, it is nevertheless the homestead of the family and is exempt from judgment, but, in such case, the head of the family is not entitled to further exemption of other property. *Stout v. Rapp*, 17 Neb. 462.

As noted above, the quarter section of land occupied by the plaintiff's wife was the family home for many years and it was therefore the family homestead. And the fact that the plaintiff conveyed the title thereto to his wife does not constitute an abandonment of the homestead character with which the land was imbued, and where the wife refused to leave the home and continued to reside there, the homestead remained undisturbed. And, in view of this fact, the plaintiff cannot be said to have acquired another homestead exempt from judgment. It is elementary that "A person cannot at the same time have two homesteads, nor can he have two places either of which at his election he may claim as his homestead." *Hair v. Davenport*, 74 Neb. 117. "Bare intention to occupy such property as a homestead at some future time is not of itself sufficient to impress it with the character of a homestead, while it remains unoccupied; there must be a present intention so to occupy the property as soon as circumstances reasonably permit, evidenced by acts of preparation indicating such intention." *Davis v. Kelly*, 62 Neb. 642. And we have held: "A party cannot be

permitted to defeat the payment of his just debts, by afterwards removing thereon and asserting a claim of homestead." *Bowker v. Collins*, 4 Neb. 494.

We conclude that the plaintiff has not established his right to exemption in the land in question. The judgment is ·

AFFIRMED.