Duda, Respondent, vs. Beben, Appellant.

*February 17—March 29, 1948.*

The cause was submitted for the appellant on the brief of *L. M. Nelson* of Marinette, and *Lehner & Lehner, Adolph P. Lehner,* and *Howard N. Lehner,* all of Oconto Falls, and for the respondent on the brief of *Allen C. Wittkopf* and *Irving W. Smith,* both of Florence.

Rosenberry, C. J.    The principal contention of the defendant herein is that he, being a married man and the contract between the defendant and the plaintiff not having been signed by his wife, the contract is totally void.    The conclusion which we have reached on this branch of the case makes it unnecessary to consider subsidiary questions raised on the appeal.

While it is stated, not enough consideration is given in briefs of counsel to the fact that the wife of the defendant is a nonresident alien living in Poland, who has never been within the boundaries of the United States. This fact appears to be controlling.

Defendant's argument is based upon a provision of sec. 235.01, Wis. Stats., which is: ". . . no mortgage or other alienation by a married man of his homestead, exempt by law from execution, or any interest therein, legal or equitable, present or future, by deed or otherwise, shall be valid without his wife's consent, evidenced by her act of joining in the same deed, mortgage or other conveyance, or by her act of executing a separate deed, mortgage or conveyance of the same nature as her husband's, except a conveyance from husband to wife." The defendant cites cases which hold that this provision creates a disability upon the husband to alienate the homestead during the life of the wife without her consent and that a conveyance or contract to convey in which the wife does not join is void *in toto*. *Town v. Gensch* (1899), 101 Wis. 445, 76 N. W. 1096, 77 N. W. 893; *Rosenthal v. Pleck* (1918), 166 Wis. 598, 166 N. W. 445; *Eaton Center Co-op. Cheese Co. v. Kalkofen* (1932), 209 Wis. 170, 244 N. W. 620, and other cases. The defendant further argues that the provision of sec. 235.01, already quoted, inures to the wife. That is a sound proposition if the statute in question is applicable to the nonresident alien wife of the defendant.

Only residents of the state are entitled to the benefit of the homestead exemption created by its laws, whether these laws expressly limit it to residents or not. *Ludwig v. Ludwig* (1919), 170 Wis. 41, 172 N. W. 726. For a citation of many authorities to the same effect see 29 C. J., Homesteads, p. 792, note 58.

In the case of *Engen v. Union State Bank,* 121 Neb. 257, 236 N. W. 741, it was held: "The homestead law was enacted for the benefit of resident citizens and resident aliens and, in

furtherance of the public welfare, nonresident aliens not being within its terms." And because the wife had never been a resident of Nebraska and had always remained in the land of her birth, Norway, the court said: "The place was never her homestead, nor the homestead of her husband and herself, within the meaning of the homestead law, and she was not, therefore, a necessary party to the deeds. The statutory provision requiring the conveyance of a homestead to be executed by both husband and wife applies to a homestead in which both have a homestead interest, and was not intended by the legislature to apply to an instance like the present where the wife was always a nonresident alien without any intention of ever making the homestead her dwelling place or home, and who was never in this country." See also *Cunningham v. Marshall,* 94 Neb. 302, 143 N. W. 197; *Tromsdahl v. Beaton,* 27 N. D. 441, 146 N. W. 719.

In *McMillan v. Spider Lake S. M. & L. Co.* (1902) 115 Wis. 332, 91 N. W. 979, this court held that nonresident alien relatives of a person whose death was caused by a wrongful act of a third person, did not have a right of action for the loss against the wrongdoer. The court quoted with approval Endlich, Interpretation of Statutes, sec. 176, as follows: "In general, statutes must be understood as applying to those only who owe obedience to the legislature which enacts them, and whose interests it is the duty of that legislature to protect; that is, its own subjects, including in that expression not only natural-born and naturalized subjects, but also all persons actually within its territorial jurisdiction; but that, as regards aliens resident abroad, the legislature has no concern to protect their interests, any more than it has a legitimate power to control their rights. In this view it would be presumed, in interpreting a statute, that the legislature did not intend to legislate either as to their rights or liabilities; and to warrant a different conclusion the words of the statute ought to be expressed, or the context of it very clear."

The record does not disclose whether the defendant has been naturalized, but if he has that would not confer citizenship upon his wife. 42 U. S. Stats. at L., p. 1022. In general it may be said that homestead rights are dependent upon the fact of residence in the state where the claimed right was created.

In *Ludwig v. Ludwig, supra,* p. 48, where the wife residing in Chicago was attempting to nullify a mortgage executed by her husband in Wisconsin, it was said: "The benefits of the homestead exemption can, under the provisions of the section itself, be asserted only on behalf of those who are residents of this state. The defendant Emma [the wife] does not meet the call of the statute and cannot, therefore, rely upon the same."

It appearing without dispute in this case that the wife of the defendant is a nonresident alien who has never been in this state, she has no right in the property of the defendant, to be protected. She has never taken the steps necessary to make available to her the provisions of the Wisconsin homestead law. Therefore that provision of the statute has no application to her for the reason that she is not a wife entitled to claim a homestead right. It is therefore not necessary for her to consent in any of the ways prescribed in sec. 235.01, Wis. Stats., in order that her husband may convey a good title to the lands in question.

While it has been said, as already stated, that the statute creates a disability on the part of the husband, it can create no disability on the part of the husband where, as here, as a matter of law, the wife has no interest in or claim to the property which the husband seeks to convey. The statute deals with the protection of resident wives who are entitled to claim the protection of the statute.

*By the Court.*—The judgment of the circuit court decreeing that the defendant convey the premises in question to the plaintiff and that in default thereof the judgment stand as a conveyance is affirmed.