# HAMILTON NAT. BANK v. WOODS et al.—217 S. W. (2d) 14.

Eastern Section.   July 14, 1948.

Petition for Certiorari denied by Supreme Court, Dec. 11, 1948.

502

Will Allen Wilkerson, of Chattanooga, for plaintiff in error.

W. L. Tillet, of Chattanooga, for defendant in error.

McAMIS, J.   By this appeal Mary S. Woods, as judgment debtor of Hamilton National Bank, defendent in error, complains of the manner of reinvestment, under Code Section 7726, of $1,000 in a homestead after her former homestead had been subjected to the Bank's debt under levy of execution.   Specifically and primarily, the

complaint is that the Court below erred in ordering that the property purchased for her as a homestead be deeded to her for life and to any minor children she may have until they attain their majorities with remainder to Hamilton National Bank in fee.

Code, Section 7726, provides: "When the real estate levied on is of greater value than two thousand dollars (one thousand, $1,000.00), and is so situated that it cannot be divided so as to set apart the homestead, the freeholders shall certify the fact, and the officer may proceed to sell the whole tract, and out of the proceeds he shall pay to the Clerk of the Court rendering the judgment or condemning the land for sale, two thousand dollars (one thousand, $1,000.00) to be by him invested under the order of the court, in the purchase of a homestead for the family of said debtor, and *only the surplus over and above two thousand dollars (one thousand, $1,000.00) shall be applied to the payment of said execution.*"

It will be noted from the italicized language that only the surplus over and above the exemption shall be applied on the judgment debt. If the credit was applied as thus contemplated by the statute and the fund paid into court and reinvested was derived from a sale of the judgment debtor's former homestead there would be merit in her insistence that the Bank has paid nothing for the remainder interest conveyed to it under the deed. The technical record, however, recites that the Bank had paid into Court the sum of $1,000.00 to be reinvested in a homestead. Whether this was money coming to the Bank from the levy of execution (after having given the judgment debtor credit for the same $1,000.00 on the judgment) or whether it was the Bank's money we cannot finally determine from the present record. For that reason, we

shall not attempt to finally adjudicate the rights of the parties but to settle the principles controlling a final adjudication to be made on the remand.

As indicated, if the fund paid into court derives from a sale of the former homestead without having credited the judgment with the $1,000 so paid to the Bank and by it later paid into court for reinvestment, obviously the Bank has paid nothing for the remainder interest which it would acquire under the deed. In that event we think the deed should run to Mary S. Wood for the $1,000.00 to be reinvested stands in lieu of just so much of her former homestead as was sold to bring the fund into existence. The title to the property sold belonged to her in fee and so should the property acquired by her in consummation of her rights under the statute.

As said in White v. Fulghum, 87 Tenn. 281, 284, 10 S. W. 501, 503: "The fund realized from the sale of the land represents the land itself, and is subject to the same liens and rights. It stands in the place of the land, and those having an interest in the latter have the same measure of interest in the former. The right of homestead existed in the land, and was subordinate alone to the encumbrance of the mortgage. So it exists on the fund, subject alone to the prior satisfaction of the mortgage debt."

If, however, the fund was derived from a sale of the judgment debtor's property and the judgment credited, irregularly under the statute, with the $1,000 paid into court for reinvestment she would not be entitled to the reversionary interest in the property acquired for her use as a homestead. She could not have credit on the judgment for $1,000 and also the full benefit of the same $1,000 reinvested by the court. In that event, if it can

be said that the vesting of the reversionary interest in the Bank was irregular or even erroneous, her rights and those of any minor children she may have are not in the least diminished or prejudiced.

And if, as we tentatively assume to be the actual case from the recitals of the technical record, the property levied upon was sold free of homestead rights and the $1,000 paid into court by the Bank was not derived from a sale of the property levied upon but from its own individual funds, the judgment debtor's right to homestead is fully protected by the deed. In fact, in that case, she has received more than she would be entitled to, full credit on the judgment for proceeds arising from a sale of her former homestead and a new homestead purchased out of funds contributed wholly by the Bank.

We think these conclusions find ample support from the cases defining the character of estate held by those entitled to homestead under Tennessee law. The governing principles are summed up in Carrigan v. Rowell, 96 Tenn. 185, 192, 34 S. W. 4, 6, where the Court said: "The third ground of demurrer is that, this homestead having been set apart to John Maddox in his lifetime, upon his death it passed to his wife during her natural life for her own use and benefit and that of her family who reside with her, and upon her death the same will pass to said minor children of the said John Maddox, free from his debts. This demurrer is based upon section 2943 (M. & V.) Code, and the claim is that the children will take the fee in this land, discharged of the debts of their father. This contention is wholly erroneous. It has been repeatedly held by this court that the homestead is a mere right of occupancy, and the remainder or reversion therein may be sold subject to the homestead. Howell v. Jones,

91 Tenn. [402], 403, 19 S. W. 757; Lunsford v. Jarrett, 2 Lea 579 [70 Tenn. 579]; Flatt v. Stadler, 16 Lea 371 [84 Tenn. 371].''

It is thus apparent that the homestead is entirely unconnected with the reversionary estate. We think it follows that if the fund reinvested under Section 7726 is not derived from a sale of the reversionary fee simple interest of the homesteader in the property subjected to the payment of his debts he has no right to complain. If his right of occupancy and those of his family are fully protected, the vestiture of the reversionary estate is an immaterial matter in so far as his rights are concerned. If the property purchased by the Court had been deeded. in fee simple to Mrs. Woods, under Carrigan v. Rowell, supra, the Bank could have levied immediately on the reversionary estate and subjected it to the payment of its debt. The only difference between that plan of reinvestment and the one followed by the Court would be the additional costs made necessary by the levy and sale. We repeat, however, that if the homesteader's funds were used she would have a right, if she so elected, to have the property deeded to her in fee.

We think there is no merit in the insistence that the Court erred in ordering the reinvestment in property not suitable or desirable for occupancy as a homestead by Mrs. Woods and her family. The proof shows that the property is worth $1,000 or more and, as the Court observed, it is impossible to buy at this time a suitable place to live for $1,000. While we think it would be in accord with the policy of the homestead law to reinvest in property suitable for occupancy and this course should be followed if possible, if the fund cannot be so reinvested the court must do the next best thing and invest in prop-

erty which in its judgment is worth at least $1,000.00 and, as nearly as possible, conserves the policy of the law. We think this has been done in the present case and the homesteader is entitled to no more.

The cause will be remanded for a new trial and for final judgment not inconsistent with this opinion. Costs of appeal will be adjudged against appellant and surety on the appeal bond. Costs below, accrued and to accrue, will abide the final result.

## ON PETITION TO REHEAR

The Hamilton National Bank has filed a petition for a rehearing accompanied by certified copies of excerpts from the record not included in the original transcript showing that the judgment was credited with the full amount realized from the sale of the property under execution and that the $1000 reinvested was paid by the Bank. Counsel for Mrs. Woods concedes the correctness of the record and states that it is satisfactory for the Court to consider it in passing upon the petition to rehear. We, therefore, apply the holding in our former opinion, and sustain the petition to rehear and now hold that there is no error in the judgment. The cause will be remanded only for the purpose of adjudging the rights of the parties as to rent.

Howard and Goodman, JJ., concur.