MILDRED SMITH, ALSO KNOWN AS MILDRED R. SMITH, ET AL., APPELLANTS, V. LYNN R. WADE ET AL., APPELLEES.
100 N. W. 2d 770

Filed January 29, 1960. No. 34652.

*Frank B. Morrison,* for appellants.

*McGinley, Lane, Powers & McGinley,* for appellees.

Heard before CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

YEAGER, J.

This is an action in equity by Mildred R. Smith in her own behalf and as next friend of Ralph Smith, a minor, plaintiffs and appellants, against Lynn R. Wade and Naomi Wade, defendants and appellees, to have declared null, void, and of no effect a real estate mortgage for $3,256.23, dated July 9, 1956, on the north half of Lot 2, Goodrich's Subdivision of that portion of Lots 2, 3, 4, and 13 lying north of U. S. Highway No. 30 in Smith's Subdivision of that portion of the west half of Section 5 lying south of the public road in Township 13 North, Range 38 West of the 6th P.M. in Keith County, Nebraska, which mortgage was executed by the plaintiffs, who are husband and wife, in favor of the defendants, who are husband and wife, as joint tenants with right of survivorship, and to also have declared null and void any promissory note or notes or claimed indebtedness which the mortgage was given to secure.

As grounds for the right to have the mortgage, the note or notes, or claimed indebtedness declared null and void the plaintiffs alleged that they were husband and wife; that Mildred R. Smith had attained her majority by marriage at the time the mortgage was signed, but that Ralph Smith was at the time under the age of 21 years and a minor, and thus the action was brought by her as next friend of her husband; that the mortgage was null and void for the reason that it is upon the homestead of the parties and is repudiated by Ralph Smith; that it was procured by threats and duress and was not the voluntary act and deed of the plaintiffs;

and that it was without valid consideration. No promissory notes are described in the petition but it is declared that all notes and other evidence of indebtedness claimed by defendants are null and void for the reason that they were procured by threats and duress. The prayer is that the mortgage, any pretended indebtedness, and any notes or checks be declared null and void.

The defendants filed an answer in the case in which they generally denied all allegations of the petition the truth of which was not admitted. The execution of the mortgage was admitted. It was pleaded that along with the mortgage seven notes were executed for the total amount of $3,256.23. They alleged that $794.62 of this amount was represented by necessaries of life furnished by Lynn R. Wade to the plaintiffs. They further alleged that the real estate mortgaged was solely owned by Mildred R. Smith. They further alleged that since $794.62 of the amount involved represented necessaries of life for the plaintiffs the defense of infancy was not available, and that since $1,655.61 of the amount was procured by artifice, fraud, and deceit of Ralph Smith he is estopped from asserting the defense of infancy.

By the answer it is asserted that Ralph Smith may not rescind until he attains his majority but this is not urged in the brief. The plaintiffs however present the opposite of this viewpoint by assignment of error.

By cross-petition the defendants prayed for adjudication of the validity of the mortgage and of the seven promissory notes secured by the mortgage, and for a declaratory judgment as to the rights of the parties with regard to the mortgage and the notes.

A trial was had after which a decree was rendered wherein relief was denied to plaintiffs and their action was dismissed. The district court by its decree specifically found that Ralph Smith was a minor. The court also found that a part of the amount involved was for

necessaries of life, the particular amount not being declared. The following appears in the decree: "IT IS FURTHER * * * DECREED that the Notes and Real Estate Mortgage executed by Plaintiffs in favor of the Defendants set forth in Answer and Cross-Petition of the Defendants are decreed to be valid and enforceable according to their terms by the Defendants as against the Plaintiffs, and each of them."

A motion for new trial was filed by plaintiffs which was overruled. Thereafter the plaintiffs perfected an appeal to this court from the decree and the order overruling the motion for new trial.

The brief contains numerous assignments of error which the plaintiffs contend constitute grounds for reversal of the decree rendered. As a whole however they present in essence the questions (1) of whether or not a minor, or infant, within the meaning of legal terminology, may repudiate a contract before attainment of majority; (2) of whether or not a minor may repudiate a mortgage on real estate the title to which is in his wife who is not a minor within the meaning of law which real estate is the homestead of the parties, and thereby invalidate the mortgage; (3) of whether or not, if notes were executed which were in payment of necessaries of life, a mortgage on a homestead to secure them signed by the wife who was not a minor and by the husband who was a minor, could be repudiated by the husband, thus invalidating the mortgage; (4) of whether or not the repudiation of the notes by Ralph Smith was valid; and (5) of whether or not the mortgage and notes were void for the reason that they were procured by duress.

The third of these propositions will be considered first. It may be disposed of by the statement that the record does not require us to determine the question of whether or not a mortgage given to secure notes given in payment of necessaries of life signed by an infant may be repudiated for the simple reason that

the record discloses that these notes were not given in payment for necessaries of life. Section 69-402, R. R. S. 1943, defines them as follows: " 'Necessaries' in this section means goods suitable to the condition in life of such infant or other person, and to his actual requirements at the time of delivery."

In Cobbey v. Buchanan, 48 Neb. 391, 67 N. W. 176, it was said: "The meaning of the term 'necessaries' cannot be defined by a general rule applicable to all cases; the question is a mixed one of law and fact to be determined in each case from the particular facts and circumstances of such case."

The account or accounts which provide the basis for the notes cover a long period of time and consist of charges for merchandise commonly sold by one engaged in the retail sale of motor fuels and supplies, amounts taken from the cash register, shortages in station merchandise, checks which did not clear, and the sale price of an automobile which was $750. The automobile had been delivered back to the defendants and at the time of trial was in their possession. None of the specific items however was identified as being devoted to the necessaries of Ralph Smith or his family.

We do not therefore pass upon the question of whether or not the signature of Ralph Smith could be repudiated if it were proved that the mortgage was given to secure notes given for necessaries of life, but hold only that there was a lack of sufficient evidence to sustain a finding that the notes were given in lieu of cash payment for necessaries.

As to the fifth proposition it must be said that there is evidence to support the contention of the plaintiffs that the notes and mortgage were procured by duress. There is also evidence to the contrary. This court is not able on the record of the evidence to resolve this conflict. Resort is had to the following rule and on this basis the determination on this proposition is made in favor of the defendants: "In an equity action the

Supreme Court will, in determining the weight of evidence which is in irreconcilable conflict on a material issue, consider the fact that the trial court observed the witnesses and their manner of testifying." Cary v. Armbrust, 160 Neb. 392, 70 N. W. 2d 427.

In the light of this rule the conclusion is reached that the notes and mortgage were not executed under duress.

Returning now to the first proposition it must be said that a minor may repudiate and rescind his contracts before he reaches his majority unless this court now decides to depart from what it has said on previous occasions. There is no disposition to so depart.

In Star v. Watkins, 78 Neb. 610, 111 N. W. 363, it was said: "It has been held that an infant may avoid his personal contracts during his minority." This statement of principle was adhered to in the case and no case has been found in this jurisdiction which departs therefrom. The text in 43 C. J. S., Infants, § 75, p. 172, contains the following: "In most jurisdictions, however, an infant has the right and power to avoid, on the ground of infancy, his personal contracts during his minority, as well as after he has attained full age; and this rule has been held to apply generally to all contracts, whether executory or executed." The holding therefore in this respect is that Ralph Smith had the right and power during his minority to and that he did so avoid the mortgage and notes in question.

As to the second proposition there can be no question that if this was a mortgage on the homestead of the plaintiffs and it became void as to Ralph Smith it became void for all purposes. The defendants do not seriously contend otherwise and they cite no authorities to the contrary.

The record in the light of the decisions of this court unequivocally discloses that this was the homestead of the plaintiffs. In Meisner v. Hill, 92 Neb. 435, 138 N. W. 583, this court said in definition of homestead: "Our

statute uses the term 'homestead' in its commonly accepted meaning—the house and land where the family dwells." This was approved in the following cases: Engen v. Union State Bank, 121 Neb. 257, 236 N. W. 741; Berggren v. Bliss, 122 Neb. 801, 241 N. W. 544; J. H. Melville Lumber Co. v. Maroney, 145 Neb. 374, 16 N. W. 2d 527.

This avoidance of the mortgage by Ralph Smith left it with only the signature of Mildred R. Smith, his wife. Under these circumstances the mortgage became void under the statute. The pertinent provision is contained in section 40-104, R. R. S. 1943, as follows: "The homestead of a married person cannot be conveyed or encumbered unless the instrument by which it is conveyed or encumbered is executed and acknowledged by both husband and wife, * * *." There are exceptions to this but none of them are of importance in this proceeding.

The district court was therefore in error in refusing to find and decree that the mortgage in question is void and in refusing to quiet title to the real estate in plaintiffs as prayed by them.

For reasons which are apparent, the notes being a part of the mortgage transaction and being rescinded along with the mortgage, the district court was also in error in failing and refusing to adjudicate that as to Ralph Smith the notes are also void. This disposes of the fourth proposition favorable to Ralph Smith.

It does not however appear advisable or proper at this time to attempt to pass upon the individual liability or nonliability of Mildred R. Smith on the notes, although the defendants have by their cross-petition asked, not for judgment, but for a declaratory determination with relation to them. It appears that this matter should be left, without prejudice to either party, for determination in an action, if one shall be instituted, for recovery on the notes.

The judgment of the district court is therefore reversed and the cause remanded to the district court with

directions to render a judgment in accord with this opinion.

REVERSED AND REMANDED WITH DIRECTIONS.