Otie STOLLDORF and Carleton A. Lathrop, as Administrator of the Estate of Howard L. Stolldorf, Deceased, Appellants (Plaintiffs below),

v.

Eva STOLLDORF, Appellee (Defendant below).

No. 3147.

Supreme Court of Wyoming.

Aug. 27, 1963.

Lathrop, Lathrop & Tilker, James A. Tilker, Cheyenne, for appellants.

Henderson, Godfrey & Kline, David D. Uchner, Cheyenne, for appellee.

Before PARKER, C. J., and HARNSBERGER, GRAY and McINTYRE, JJ.

Mr. Justice GRAY delivered the opinion of the court.

Plaintiff, Otie Stolldorf, widow of Howard Stolldorf, claiming among other things an unreleased homestead interest in certain real property situate in Cheyenne, Wyoming, previously conveyed by decedent to defendant-Eva Stolldorf, commenced an action to have said conveyance set aside. From an adverse result plaintiff appeals.

Facts pertinent to the principal questions before us are not in dispute. The record shows that plaintiff and decedent were married at Alliance, Nebraska, in the year 1918 and lived together until 1930. They separated at that time and were never divorced. Plaintiff continued to reside in Nebraska and still resides there. Decedent eventually became a resident of Cheyenne, Wyoming, and in the year 1942 became the sole owner of the property in question. He made his home there until his death on June 28, 1960.

In 1943, defendant moved into the home of decedent and has lived there at all times since. Early in the year 1960, decedent was found to be suffering from cancer. Realizing that death was imminent, the decedent conferred with an attorney for the purpose of getting his affairs in order. At decedent's request and insistence the attorney prepared a deed for the purpose of conveying the home to defendant and under date of June 23, 1960, decedent alone duly executed the deed, handed it to defendant and said, "Now the property is yours."

At the pretrial it was stipulated that the property involved was the homestead of decedent and was of a value of approximately $8,000 to $9,000.

With respect to the matter of homestead, plaintiff takes the position that the deed here is void as to her for the reason that she did not sign it and did not therein release and waive any right of homestead to the property conveyed. Defendant, although conceding the marital status of plaintiff and decedent at the time of conveyance, resists on the ground that plaintiff, being a nonresident and never having occupied the premises with decedent, had no right or interest in the property and therefore decedent was free to make the conveyance without her consent. Defendant further contends that even though mistaken as to plaintiff's lack of right or interest in the property, such right or interest does not exceed a value of $4,000 and thus the deed is not void, at least as to the excess.

The validity of plaintiff's claim is, of course, dependent upon the provisions of the constitution and statutes of this state. Such provisions as appear pertinent are:

Art. 19, § 9, Wyo.Const., in part:

"A homestead as provided by law shall be exempt from forced sale under any process of law, and shall not be alienated without the joint consent of husband and wife, when that relation exists; * * *."

Section 34–53, W.S.1957:

"Every owner or occupant of a homestead as established herein may voluntarily sell, mortgage, or otherwise dispose of or encumber the same; provided the instrument of writing conveying, mortgaging, disposing of or encumbering such homestead shall contain in substance the following words: 'Hereby releasing and waiving all rights under and by virtue of the homestead exemption laws of this state', and shall be freely and voluntarily signed and acknowledged by the owner and the spouse of the owner of said homestead. The foregoing provisions shall not be applicable to nor shall compliance therewith be required for full legal effectiveness of any conveyance of property directly from husband to wife."

Section 1–498, W.S.1957, states in part that "Every householder in the State of Wyoming, being the head of a family, and every resident of the state who has reached the age of 60 years, whether the head of a family or otherwise, shall be entitled to a homestead not exceeding in value the sum of four thousand dollars ($4,000.00)" and according to § 1–501, W.S.1957, the homestead "may consist of a house and lot or lots, in any town or city, or if a farm consisting of any number of acres, so that the value does not exceed four thousand dollars ($4,000.00)."

With respect to the extent of the homestead in Wyoming, the statutes defining the right came into being in territorial days. It is well established that the homestead therein provided may consist of the type of property enumerated with the overall limitation, however, that the value shall not exceed the sum of $4,000. Delfelder v. Teton Land & Investment Co., 46 Wyo. 142, 24 P.2d 702, 717, rehearing denied 46 Wyo. 142, 26 P.2d 153; Jones v. Losekamp, 19 Wyo. 83, 114 P. 673, 676; France v. Connor, 3 Wyo. 445, 27 P. 569, 573, affirmed 161 U.S. 65, 16 S.Ct. 497, 40 L.Ed. 619; and Arp v. Jacobs, 3 Wyo. 490, 27 P. 800, 802.

Concerning alienation of the homestead, we have heretofore recognized that the requirements imposed are simply limitations upon the power of the owner to sell, transfer or encumber the property involved. Delfelder v. Teton Land & Investment Co., supra. We have not specifically held that a deed by the owner conveying the homestead as above defined was void if not executed by the wife also, but the case of State Bank of Wheatland v. Bagley Bros., 44 Wyo. 244, 11 P.2d 572, 584, rehearing denied 44 Wyo. 456, 13 P.2d 564, that dealt with a mortgage, can be said to have pre-ordained such a holding under the statute as it then existed. It was therein provided that such a conveyance or mortgage was "absolutely void." However, that such would be the holding today has been placed in some doubt. The legislature by Ch. 72, § 2, S.L. of Wyoming, 1949, eliminated the above proviso and cast the statute in the form above set forth as § 34–53, W.S.1957. Nothing is now said concerning the validity of an instrument executed contrary to the statute.

However, we think we need not decide the point for the reason that in any event a deed by the owner without the consent of his or her spouse, conveying property embracing a homestead but of a value in excess of $4,000, is not void as to the excess. Delfelder v. Teton Land & Investment Co., supra, at 24 P.2d 706; and Jones v. Losekamp, supra. For the reasons stated, we agree with defendant that if plaintiff has the right claimed, such right or interest does not exceed a value of $4,000 and the grant to defendant is not wholly void.

The crucial question then with respect to homestead is the effect, if any, of plaintiff's nonresidency upon the right she claims. We have reviewed many authorities dealing generally or specifically with the question, and although the authorities are informative we are not greatly aided for the reason that almost invariably the results reached are peculiar to the particular wording of the constitutional or statutory provisions involved. 40 C.J.S. Homesteads §

130d, p. 574. Further, the authorities are by no means harmonious and both parties can find comfort for their respective positions. See Annotation 92 A.L.R. 1050, and in addition such cases as St. Denis v. Mullen, 157 Minn. 266, 196 N.W. 258; Engen v. Union State Bank of Harvard, 121 Neb. 257, 236 N.W. 741, certiorari denied 284 U.S. 655, 52 S.Ct. 33, 76 L.Ed. 555; and Duda v. Beben, 252 Wis. 295, 31 N.W.2d 603.

Defendant asserts that the point is controlled by our own case of Ullman v. Abbott, 10 Wyo. 97, 67 P. 467, 470. We think not. In this case the court was dealing with a statute providing for setting aside to the widow in a probate proceeding certain property including the homestead. The sole question was the effect of nonresidency upon the widow's claim. It is true that in the course of the opinion the court also discussed the so-called exemption statutes which form the basis for plaintiff's claim in the instant case and following such discussion said, "The conclusion is irresistible that the legislature intended that these exemptions, including the homestead, should be for the benefit of the family, and that they should be confined to persons residing in this state." Nevertheless, that language must be understood in the light of the purpose for which it was uttered and that was the determination of the right of the nonresident widow in the probate proceeding. To extend it beyond that point is an effort to bind us by dictum.

But that is not the only reason for refusing now to accept the case as precedent. There can be little doubt that the statutory proviso "a widow residing in this territory" was of persuasive force in the decision reached. However, such proviso is no longer found. It was eliminated by Ch. 28, S.L. of Wyoming, 1919, and in its stead § 2–213, W.S.1957, now provides in part that "When any resident of this state dies leaving a widower or widow" he or she shall be entitled to receive substantially the same benefits conferred by the former statute. The shift of the residence requirement from the surviving spouse to the decedent is indeed significant. It brings to mind certain rules that are to be invoked.

■ It is a rule of general application that when the legislature adopts an amendment it will be presumed that a change in existing law was intended and the courts will endeavor to give some effect to the amendment. Equitable Life Assur. Soc. of United States v. Thulemeyer, 49 Wyo. 63, 52 P.2d 1223, 1234, rehearing denied 49 Wyo. 63, 54 P.2d 896, appeal dismissed Ham v. Equitable Life Assur. Soc. of U. S., 299 U.S. 505, 57 S.Ct. 24, 81 L.Ed. 375. Also, where an amendment consists of the deletion of an express provision the presumption is that a substantial change in law was intended. Subsequent Injuries Fund v. Industrial Accident Commission, Cal., 31 Cal.Rptr. 477, 382 P.2d 597, 598.

As we view it, the legislature without question changed the policy toward nonresidents as laid down in the Ullman case, supra, at least insofar as such policy was directed at the probate statute. And if, as defendant seems to contend, the exemption statutes and the probate statute were so interrelated and interdependent that both were controlled by the decision, then must it not also be said that the legislature changed the policy on the exemption statutes? We think so and we are not inclined to accept the pronouncements made as in any way determinative of the question before us in the instant case.

■ In order for us to sustain the decision of the trial court on this particular point it is necessary to imply an additional exception to the only exception in the statute, i. e., a conveyance from husband to wife. In In re Roberts' Estate, 58 Wyo. 438, 133 P.2d 492, 500, we mentioned the usual rule. It was there pointed out:

"* * * 'Where a general rule is established by statute with exceptions, the court will not curtail the former, nor add to the latter by implication; and it is a general rule that an express exception excludes all others.' * * *"

No good reason suggests itself for departing from that rule and we accordingly hold that the trial court erred in denying relief to plaintiff on the ground of nonresidency.

Aside from the foregoing, plaintiff also contends that the deed is void for want of delivery. The contention is founded upon the claim that there was an understanding between the decedent and defendant that the deed was not to take effect until the grantor's death. Even assuming this to be true it is difficult to grasp the force of the argument. Wholly aside from the testimony of defendant, there is uncontradicted testimony by several disinterested witnesses that decedent upon completion of the execution of the deed promptly handed it to defendant, saying, "Now the property is yours." Defendant was then residing on the property, has continued to reside there, and at all times since has retained possession of the deed. In addition, we should also mention that the trial court impliedly found that there was consideration for the deed.

In Watts v. Lawrence, 26 Wyo. 367, 185 P. 719, 721, rehearing denied 26 Wyo. 367, 188 P. 34, we held that an instrument was a valid deed even though it was conditioned on its face upon performance of certain requirements "within one year after the decease" of grantor and "even though that estate be one which can not be enjoyed until the death of the grantor." We think what counsel really means is that there was no intent on the part of decedent to convey title to defendant. On this issue plaintiff had the burden of proof and on the record before us we cannot say as a matter of law that the trial court erred in holding that plaintiff failed to meet her burden.

One further matter requires comment. Plaintiff asserts that the deed is voidable for the reason that it was an "illusory" transfer, testamentary in nature, and deprived plaintiff of a widow's election right. We think at least a part of the argument has already been answered by what has been said above, together with our holding in Forbes v. Volk, Wyo., 358 P.2d 942, 945, and Watts v. Lawrence, supra. If the contention has not been fully answered, the fault is not ours. We are not required to notice claimed error unsupported by available precedent or cogent argument. As authority for the contention, plaintiff relies entirely upon Bolles v. Toledo Trust Co., 144 Ohio St. 195, 58 N.E.2d 381, 157 A.L.R. 1164, and Restatement of the Law of Trusts, § 57 (1935). The Bolles case is no longer law on the point. It was specifically overruled in Smyth v. Cleveland Trust Co., 172 Ohio St. 489, 179 N.E.2d 60. The reference to Restatement, which has been modified to some extent by 1 Restatement of the Law of Trusts (Second), § 57 (1959), likewise is not authority on the point we are asked to consider. We hold that plaintiff has waived the point.

Having said a deed by the owner of a homestead without the consent of his or her spouse is not void as to the portion of the property not included in the homestead, which in this case is the excess in value over $4,000; and also having said the trial court erred in denying relief to plaintiff on the ground of nonresidency, we conclude that the conveyance by Howard Stolldorf to defendant-Eva Stolldorf was a conveyance of the fee simple title subject to the homestead rights of grantor's wife, Otie Stolldorf. See Rodewald v. Rodewald, Mo., 297 S.W.2d 536, 540; Waddy v. Waddy, 200 Tenn. 140, 291 S.W.2d 581; and Hamilton Nat. Bank v. Woods, 31 Tenn.App. 501, 217 S.W.2d 14, 16.

The record discloses that the property here cannot be divided without material injury. We therefore remand the case to the district court with instructions to enter an order requiring defendant, within a reasonable time to be fixed by such court, to pay plaintiff the sum of $4,000 in cash; and in default of such payment the court shall cause the property to be sold through a procedure similar to that prescribed by law in the probate code, where the right of homestead is involved. If offer to purchase the property for a sum in excess of $4,000 is not then received, no sale shall be made; and thereupon the deed dated June 23, 1960,

from Howard Stolldorf to Eva Stolldorf shall be vacated and set aside, and title to the property shall be vested in the widow by decree of court. If sale is made in excess of $4,000, plus expense of sale, the sum of $4,000 in cash shall be distributed to plaintiff and any balance remaining distributed to defendant.

In all other respects the judgment is affirmed.